Docket Nos. 98649, 98668 cons.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

COLLINSVILLE COMMUNITY UNIT SCHOOL DISTRICT NO. 10 *et al*., Appellants, v. THE REGIONAL BOARD OF SCHOOL TRUSTEES OF ST. CLAIR COUNTY *et al*., Appellees.

*Opinion filed January 20, 2006.*

CHIEF JUSTICE THOMAS delivered the judgment of the court, with opinion.

Justices Freeman, McMorrow, and Karmeier concurred in the judgment and opinion.

Justice Garman concurred in part and dissented in part, with opinion.

Justice Fitzgerald dissented, with opinion.

Justice Kilbride also dissented, with opinion.

## OPINION

This appeal involves the joinder requirements of the Administrative Review Law (Review Law) (735 ILCS 5/3–101 *et seq.* (West 2000)). At issue is whether the circuit court erred in allowing the plaintiff in an administrative review action additional time to amend its complaint to join, as defendants, the petitioners in the underlying administrative proceeding. The appellate court held that the circuit court erred in allowing amendment of the complaint and dismissed the cause of action. 348 Ill. App. 3d 685. For the

reasons discussed below, we reverse the judgment of the appellate court and affirm the judgment of the circuit court.

## BACKGROUND

On October 25, 2000, a group of Fairmont City residents filed a "Petition for Detachment and Annexation" with the St. Clair County Regional Board of School Trustees (Board). The petition sought to detach a section of Fairmont City from East St. Louis School District No. 189 (East St. Louis) and annex it to Collinsville Community Unit School District No. 10 (Collinsville). The petition was signed by over 400 individuals, representing more than two-thirds of the registered voters in the area proposed to be detached. In accordance with section 7–6 of the School Code (105 ILCS 5/7–6 (West 2000)), 10 of the petitioners were designated the "Committee of Ten" to act as attorney in fact for all of the petitioners.[1] The first page of the petition identified the members of the Committee of Ten by name. The petitioners were also represented by counsel.

In January 2001, the Board held a hearing on the petition. Both school districts opposed detachment and annexation. After considering the evidence, the Board granted the petition finding, *inter alia*, that the educational welfare of the students subject to detachment will be better served in Collinsville rather than East St. Louis. The Board's order granting the petition did not expressly identify any party as a "party of record." The caption on the order

---

[1]Section 7–6 states in part: "When a petition contains more than 10 signatures, the petition shall designate a committee of 10 of the petitioners as attorney in fact for all petitioners, any 7 of whom may make binding stipulations on behalf of all petitioners as to any question with respect to the petition or hearing or joint hearing, and the regional board of school trustees, *** may accept such stipulation in lieu of evidence or proof of the matter stipulated." 105 ILCS 5/7–6(c) (West 2000).

referred only to the petition for detachment from East St. Louis and annexation to Collinsville, and did not otherwise identify the parties. The text of the Board's order referred generally to the "Petitioners," and noted that a "Committee of Ten" had been appointed. The order did not, however, identify the committee members by name.

Collinsville filed a petition for rehearing, which the Board denied. The Board's order denying rehearing, like the Board's earlier order, did not expressly identify the parties of record, nor did it identify the committee members by name.

Within the statutory 35-day period (see 735 ILCS 5/3–103 (West 2000)), Collinsville filed a complaint for administrative review in the circuit court of St. Clair County. Collinsville named as defendants the Board, the members of the Board, the St. Clair County regional superintendent of schools, East St. Louis, and the East St. Louis superintendent of schools. East St. Louis and its superintendent immediately joined in Collinsville's complaint. Collinsville did not name as a defendant the Committee of Ten, any member of the committee, or any of the other numerous individuals who initiated the administrative action that was the subject of Collinsville's complaint.

Two weeks after Collinsville filed its complaint, two members of the Committee of Ten, Mark Ostendorf and Paul Garcia, filed a motion to intervene, which the circuit court granted. Ostendorf and Garcia also filed a motion to dismiss, arguing that the committee members and the other signatories to the petition for detachment and annexation were necessary parties who had not been made defendants within the statutory 35-day period. See 735 ILCS 5/3–103 (West 2000).

Prior to the circuit court's disposition of the motion to dismiss, Collinsville filed a motion to amend the complaint to add the remaining eight members of the Committee of Ten as party defendants. Collinsville relied on a statutory exception to the 35-day rule that permits amendment of a complaint where the omitted defendant "was not named by the administrative agency in its final order as a party of record." 735 ILCS 5/3–107(a) (West 2000). In April 2002, the circuit court allowed the motion to amend and denied the motion to dismiss. The case proceeded on the merits. The circuit court affirmed the Board's order granting the petition for detachment and annexation.

Collinsville and East St. Louis appealed. The individual members of the Committee of Ten, on behalf of the petitioners, filed a cross-appeal, arguing that the circuit court erred in denying the motion to dismiss. A majority of the appellate court agreed with the petitioners and vacated the order of the circuit court. 348 Ill. App. 3d 685. The appellate court held that the exception to the 35-day rule, set forth in section 3–107(a) of the Review Law (735 ILCS 5/3–107(a) (West 2000)), was inapplicable where, as here, the petitioners were referenced in the final administrative order *en masse*, were present and testified, and were represented by counsel at all the relevant hearings. 348 Ill. App. 3d at 698. The appellate court stated that it "would be stretching logic to find that because the names of the 10 petitioners were not spelled out in the order, their involvement in the case is any less than as parties of record." 348 Ill. App. 3d at 696. Because the school districts failed to name and serve the petitioners as required by the Review Law, the appellate court concluded that "the trial judge lacked jurisdiction to allow the school districts' request to amend their complaints and to thereafter specifically name each of the parties of record. The trial judge should have granted the petitioners' motion to dismiss." 348 Ill. App. 3d at 698-99. The appellate court thus allowed the Board's order, granting the petition for detachment and annexation, to stand. 348 Ill. App. 3d at 699.

Collinsville and East St. Louis each filed a petition for leave to appeal (see 177 Ill. 2d R. 315), which we allowed and have consolidated for review.

ANALYSIS

The operative facts in this case are undisputed. Thus, this appeal concerns only the legal issue of whether amendment of the complaint was proper under the joinder requirements of the Review Law. Accordingly, our review proceeds *de novo*. See *Hobbs v. Hartford Insurance Co. of the Midwest*, 214 Ill. 2d 11, 17 (2005) (applying *de novo* standard where salient facts were undisputed and appeal involved legal issue); *ESG Watts, Inc. v. Pollution Control Board*, 191 Ill. 2d 26, 29 (2000) (same).

Under the Illinois Constitution, final judgments from the circuit courts are appealable as a "matter of right," but final administrative decisions are appealable only "as provided by law." Ill. Const. 1970,

art. VI, §§6, 9. Because review of a final administrative decision may only be obtained as provided by statute, a court is said to exercise "special statutory jurisdiction" when it reviews an administration decision. *ESG Watts*, 191 Ill. 2d at 30. Special statutory jurisdiction "is limited to the language of the act conferring it and the court has no powers from any other source." *Fredman Brothers Furniture Co. v. Department of Revenue*, 109 Ill. 2d 202, 210 (1985). A party seeking to invoke a court's special statutory jurisdiction must strictly comply with the procedures prescribed by statute. *ESG Watts*, 191 Ill. 2d at 30; *Fredman Brothers*, 109 Ill. 2d at 210. See also *Lockett v. Chicago Police Board*, 133 Ill. 2d 349, 353 (1990) ("Since the Administrative Review Law is a departure from common law, the procedures it establishes must be strictly adhered to in order to justify its application").

Here, section 7‒7 of the School Code expressly provides for judicial review of a decision of the Board in accordance with the Review Law. See 105 ILCS 5/7‒7 (West 2000). The Review Law makes plain that Collinsville and East St. Louis were required to comply strictly with its provisions: "Unless review is sought of an administrative decision within the time and in the manner herein provided, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of such administrative decision." 735 ILCS 5/3‒102 (West 2000).

As to the time and manner of proceeding, the Review Law states that an action to review a final administrative decision "shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision." 735 ILCS 5/3‒103 (West 2000). If the complaint is not timely filed, no jurisdiction is conferred on the circuit court and judicial review of the administrative order is barred. *Nudell v. Forest Preserve District*, 207 Ill. 2d 409, 423 (2003); *Lockett*, 133 Ill. 2d at 354-55. Here, Collinsville timely filed its complaint in the circuit court.

The Review Law also directs who must be made a defendant within the 35-day period: "the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency, shall be made defendants." 735 ILCS 5/3‒107 (West 2000). Although some panels of the appellate

court, including the panel in the present case, have described the joinder requirements of the Review Law as "jurisdictional," this court has not done so. See *McGaughy v. Illinois Human Rights Comm'n*, 165 Ill. 2d 1, 11-12 (1995). Rather, we have described the joinder requirements as "mandatory." *E.g.*, *Lockett*, 133 Ill. 2d at 355; *Cox v. Board of Fire & Police Commissioners*, 96 Ill. 2d 399, 403-04 (1983); *Cuny v. Annunzio*, 411 Ill. 613, 617 (1952). The failure to join necessary parties, however, is no less serious for being nonjurisdictional. Noncompliance with the joinder provisions of the Review Law requires dismissal of the review proceeding. *McGaughy*, 165 Ill. 2d at 12.

In the present case, the petitioners, who instituted the detachment and annexation proceedings before the Board, were clearly parties of record who should have been joined in the administrative review action. See *ESG Watts*, 191 Ill. 2d at 33 (state's status as a party of record "could not be more clear" where the state instituted the proceedings before the agency). Collinsville and East St. Louis do not dispute that the petitioners were parties of record. They argue, however, that under the exception contained in section 3‒107(a) of the Review Law (735 ILCS 5/3‒107(a) (West 2000)), their failure to name and serve the petitioners within the 35-day statutory period did not require dismissal. Section 3‒107(a) states:

> "Except as provided in subsection (b) [involving review of decisions of a zoning board of appeals], in any action to review any final decision of an administrative agency, the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency shall be made defendants. No action for administrative review shall be dismissed for lack of jurisdiction based upon the failure to name an employee, agent, or member, who acted in his or her official capacity, of an administrative agency, board, committee, or government entity, where the administrative agency, board, committee, or government entity, has been named as a defendant as provided in this Section. Naming the director or agency head, in his or her official capacity, shall be deemed to include as defendant the administrative agency, board, committee, or government entity that the named defendants direct or head. No action for administrative review shall be dismissed for

lack of jurisdiction based upon the failure to name an administrative agency, board, committee, or government entity, where the director or agency head, in his or her official capacity, has been named as a defendant as provided in this Section.

*If, during the course of a review action, the court determines that a party of record to the administrative proceedings was not made a defendant as required by the preceding paragraph, and only if that party was not named by the administrative agency in its final order as a party of record, then the court shall grant the plaintiff 21 days from the date of the determination in which to name and serve the unnamed party as a defendant.* The court shall permit the newly served defendant to participate in the proceedings to the extent the interests of justice may require." (Emphasis added.) 735 ILCS 5/3−107(a) (West 2000).

Collinsville and East St. Louis argue that, because the Board's order did not explicitly name the petitioners or Committee of Ten as parties of record, the circuit court was required to allow amendment of the complaint. They contend that the appellate court misconstrued section 3−107(a) by focusing on whether the petitioners *were* parties of record, rather than whether the Board's final order *named* the petitioners as parties of record. The petitioners counter that the exception to the 35-day rule applies only in two situations, neither of which is present here. Alternatively, the petitioners argue that, under the facts of this case, the Board's order sufficiently identified the petitioners as parties of record, thus precluding amendment of the complaint under section 3−107(a).

We turn our attention first to the petitioners' argument that the exception to the 35-day rule set forth in section 3−107(a) applies in only two situations, neither of which is present here. In support of this argument, the petitioners note that the exception, which is set forth in the second paragraph of section 3−107(a), expressly applies only if a party of record is not made a defendant "as required by the preceding paragraph." 735 ILCS 5/3−107(a) (West 2000). According to the petitioners, the "preceding paragraph," *i.e.*, the first paragraph of section 3−107(a), addresses two situations: where a plaintiff fails to name as a defendant the appropriate administrative official, but

names the administrative agency, and where a plaintiff fails to name the administrative agency as a defendant, but names the appropriate administrative official. The petitioners argue that under the doctrine of *in pari materia*, the first and second paragraphs of section 3–107(a) must be read with reference to each other and construed harmoniously, giving effect to both paragraphs. The petitioners maintain that the exception to the 35-day rule contained in the second paragraph of section 3–107(a) must be construed as limited to the two situations described in the "preceding paragraph." Because this is not a case involving the failure to name either the agency or the appropriate administrative official, the petitioners conclude that the exception simply does not come into play.

Under the doctrine of *in pari materia*, two statutes dealing with the same subject will be considered with reference to each other, "so that they may be given harmonious effect." *Land v. Board of Education of the City of Chicago*, 202 Ill. 2d 414, 422 (2002). This doctrine is also applicable to different sections of the same statute and is consonant with one of our fundamental rules of statutory construction–"to view all of the provisions of a statute as a whole." *Land*, 202 Ill. 2d at 422. We agree that under this doctrine, we must construe the second paragraph of section 3–107(a) harmoniously with the "preceding paragraph." In doing so, however, we are not at liberty to disregard the plain language of the statute. The cardinal rule of statutory construction, to which all other rules are subordinate, is to ascertain and give effect to the intent of the legislature. *Sylvester v. Industrial Comm'n*, 197 Ill. 2d 225, 232 (2001); *In re Estate of Dierkes*, 191 Ill. 2d 326, 331 (2000). The language of the statute, which must be given its plain and ordinary meaning, is the best indicator of the legislature's intent. *In re D.F.*, 208 Ill. 2d 223, 229 (2003). Based on the plain language of section 3–107, we conclude that the exception to the 35-day rule may be applied where, as here, a plaintiff fails to name as defendants the petitioners in the underlying administrative proceeding.

Section 3–107 addresses, in broad terms, who must be made defendants in an administrative review action: "[I]n any action to review any final decision of an administrative agency, the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency shall be made defendants." 735 ILCS 5/3–107(a) (West

2000). The statute then addresses two frequently recurring scenarios: where the plaintiff names the appropriate administrative official, but fails to name the administrative agency, and where the plaintiff names the administrative agency, but fails to name the appropriate administrative official. The statute prohibits dismissal of the complaint under either circumstance. The fact that the statute addresses two scenarios involving certain defendants in greater detail does not mean that the exception to the 35-day rule cannot apply to other scenarios. The exception itself contains no such limiting language. The exception refers generally to whether a party of record was made a defendant "as required by the preceding paragraph." The universe of parties "required" to be made defendants "by the preceding paragraph" is not confined to the administrative agency and administrative official–the only parties involved in the two scenarios on which the petitioners focus. Rather, the "preceding paragraph" requires that the "administrative agency and *all persons*" who were parties of record be made defendants. "All persons" who were parties of record include the petitioners here. To construe section 3–107(a) in the manner the petitioners suggest would ignore the plain language of the statute and render the first sentence of section 3–107(a) superfluous. See *Quad Cities Open, Inc. v. City of Silvis*, 208 Ill. 2d 498, 508 (2004) ("We must construe the statute so that each word, clause, or sentence is given reasonable meaning and not deemed superfluous or void"); *Bonaguro v. County Officers Electoral Board*, 158 Ill. 2d 391, 397 (1994) ("Statutes should be construed, if possible, so that no term is rendered superfluous or meaningless").

Justice Fitzgerald points out that, in reaching this result, "the majority overlooks the service of summons provisions contained in section 3–105" of the Review Law. Slip op. at 20 (Fitzgerald, J., dissenting). Indeed we do, for the simple reason that section 3–105 has absolutely nothing to do with this appeal. According to Justice Fitzgerald, "sections 3–105 and 3–107 of the Review Law both involve the *joinder requirements* for an administrative review action." (Emphasis added.) Slip op. at 21 (Fitzgerald, J., dissenting). The only difference between the two statutes is that, while section 3–107(a) sets forth the "general requirement" that " 'the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency *shall be made defendants*,' " section 3–105 sets forth the more "specific"

requirement that, in school board proceedings involving a committee of 10, " 'only the administrative agency involved and each of the committee of 10 *shall be served*.' " (Emphasis added and omitted.) Slip op. at 21 (Fitzgerald, J., dissenting), quoting 735 ILCS 5/3–105, 3–107(a). Justice Fitzgerald then suggests that, as the more specific provision, section 3–105 controls. Slip op. at 22 (Fitzgerald, J., dissenting).

There are several problems with Justice Fitzgerald's approach. To begin with, Justice Fitzgerald never quite explains how a statement concerning who must be *served* can possibly be characterized as a more specific statement of who must be *named*. Such an explanation would seem incumbent, as service and joinder are wholly distinct legal concepts. Service relates to "[t]he formal delivery of a writ, summons, or other legal process." Black's Law Dictionary 1399 (8th ed. 2004). Joinder, by contrast, relates to "the uniting of parties *** in a single claim." Black's Law Dictionary 853 (8th ed. 2004).Obviously, these are not the same thing. As importantly, this distinction is clearly manifested in the plain language of sections 3–105 and 3–107. Titled "Service of Summons," section 3–105 speaks solely to where, how, and upon whom a "[s]ummons issued in any action to review the final administrative decision of any administrative agency shall be served." 735 ILCS 5/3–105. Section 3–105 says *absolutely nothing* about who must be joined or named as defendants in a complaint for administrative review. Section 3–107(a), by contrast, speaks solely to who "shall be made defendants" in a complaint for administrative review and says *absolutely nothing* about where, how, or upon whom a summons must be served. 735 ILCS 5/3–107(a) (West 2000). Simply put, section 3–105 is a service statute, and section 3–107(a) is a joinder statute. Neither statute speaks to the other. Justice Fitzgerald's assertion that "sections 3–105 and 3–107 *** both involve the joinder requirements for an administrative review action" is demonstrably false.

Which is not to say that section 3–105's "committee of 10" clause is not a more specific statement of legislative intent. It undeniably is. The question is, more specific in relation to *what*? Section 3–105 answers this question clearly:

"Summons issued in any action to review the final

administrative decision of any administrative agency shall be served by registered or certified mail on the administrative agency and on each of the other defendants *except in the case of* a review of a final administrative decision of the regional board of school trustees, regional superintendent of schools, or State Superintendent of Education, as the case may be, when a committee of 10 has been designated as provided in Section 7–6 of the School Code, and in such case only the administrative agency involved and each of the committee of 10 shall be served." (Emphasis added.) 735 ILCS 5/3–105 (West 2000).

This statute could not be more clear. The *general* rule is that summons must be served on "the administrative agency and on each of the other defendants." In certain school board cases, however, summons must be served "only [on] the administrative agency involved and each of the committee of 10." In other words, the "committee of 10 clause" is an exception not to the general *joinder* requirements of section 3–107(a), but to the general *service* requirements of section 3–105.

Be that is it may, there is absolutely nothing in the text of either section 3–105 or section 3–107(a) to support Justice Fitzgerald's conclusion that lack of compliance with section 3–105 is a bar to invoking section 3–107(a)'s exception to the 35-day rule. The second paragraph of section 3–107(a) sets forth two, and only two, conditions for application of that exception: (1) a party of record was not made a defendant "as required by the preceding paragraph;" and (2) that same party was not named by the administrative agency in its final order as a party of record. 735 ILCS 5/3–107(a) (West 2000). Compliance with section 3–105 is mentioned nowhere.

Nevertheless, both Justice Fitzgerald and Justice Garman insist that we should disregard the plain language of the exception because Collinsville was "on notice, by virtue of section 3–105, that they were required to serve 'each of the committee of 10.' " Slip op. at 21 (Fitzgerald, J., dissenting), quoting 735 ILCS 5/3–105; slip op. at 19 (Garman, J., concurring in part and dissenting in part) ("Section 3–105 precisely informed the district of whom to serve when appealing a decision of the regional school board of trustees"). The obvious problem with this position, aside from a complete lack of

support in the statutory text, is the fact that it effectively renders the exception to the 35-day rule a nullity. This is because section 3–105 puts *every* administrative review plaintiff "on notice" as to who must be served. In most actions, this will be "the administrative agency and *** each of the other defendants." 735 ILCS 5/3–105 (West 2000). In school board proceedings involving a committee of 10, this will be "the administrative agency and each of the committee of 10." 735 ILCS 5/3–105. Either way, section 3–105 leaves no doubt as to who must be served. Consequently, if simply knowing who must be served is a bar to invoking section 3–107's exception to the 35-day rule, then no party will ever be able to avail itself of that exception.

Justice Fitzgerald goes on to suggest that our reading of section 3–105 and 3–107 is "artificially narrow" because "[s]ection 3–107 is not simply a naming provision." Slip op. at 22 (Fitzgerald, J., dissenting). According to Justice Fitzgerald, "[s]ection 3–107 addresses who must be 'made' a defendant," and "a party is not 'made' a defendant simply by naming that party in the caption of the complaint." Slip op. at 22 (Fitzgerald, J., dissenting). Rather, Justice Fitzgerald maintains, to be "made" a defendant, "a party must be both named and served within the statutory period." Slip op. at 22 (Fitzgerald, J., dissenting). Conspicuously absent from Justice Fitzgerald's analysis on this point is any citation to authority, which is likely attributable to the fact that its conclusion is flatly contradicted by the plain language of the Review Act, this court's established case law, and the legislative history surrounding the enactment of section 3–107's exception to the 35-day rule.

As for the plain language, Justice Fitzgerald asserts that a party is not "made" a defendant until it is both named in the complaint and served with a summons. Slip op. at 22 (Fitzgerald, J., dissenting). Section 3–105 says otherwise. Indeed, that section states that "[t]he plaintiff shall, by affidavit filed with the complaint, designate the last known address of each *defendant upon whom service shall be made*." (Emphasis added.) 735 ILCS 5/3–105 (West 2000). Likewise, section 3–105 directs the clerk of the court to "mail a copy of the summons to each of the *** *defendants*, addressed to the last known place of residence or principal place of business of each such *defendant*." (Emphasis added.) 735 ILCS 5/3–105 (West 2000). This language confirms that, under the Review Law, a "defendant" exists as such *before* summons is served. In fact, by requiring the plaintiff to *file*

*with the complaint* an affidavit setting forth "the last know address of each defendant," section 3–105 confirms that a "defendant" is anyone designated as such by the plaintiff. In other words, a party *is* made a defendant simply by being named in the complaint.

As for this court's case law, *McGaughy v. Illinois Human Rights Comm'n*, 165 Ill. 2d 1 (1995), is instructive. The Review Law, of course, governs circuit court review of administrative orders. Not all administrative orders, however, are reviewed in the circuit court. Some are directly reviewed in the appellate court. The procedures governing direct appellate court review of administrative orders are set forth in Supreme Court Rule 335. See 155 Ill. 2d R. 335(a). In *McGaughy*, this court was asked to consider the consequences of a petitioner's failure to comply strictly with Supreme Court Rule 335(a), which states:

> "The petition for review shall be filed in the Appellate Court and shall specify the parties seeking review and shall designate the respondent and the order or part thereof to be reviewed. The agency and all other parties of record *shall be named respondents*." (Emphasis added.) 155 Ill. 2d R. 335(a).

Two petitions were at issue in *McGaughy*. The first "failed to name the Department of Human Rights ***, joining only the [Human Rights] Commission and the Department of State Police as respondents." *McGaughy*, 165 Ill. 2d at 1. As for the second, "[t]he caption *** read only, 'In the Matter of the Request for Review by: Betty L. Barnes,' and failed to name the Commission, the Department, or [the employer] as respondents." *McGaughy*, 165 Ill. 2d at 2. The court began its analysis by thoroughly reviewing *Lockett*, which held that the failure to comply strictly with section 3–107(a)'s joinder requirements mandates dismissal of a complaint for administrative review. *McGaughy*, 165 Ill. 2d at 9-12. The court then concluded that the same consequence should attach to the failure to comply strictly with the joinder requirements of Rule 335(a). In reaching this conclusion, the court emphasized:

> "[T]he joinder requirements of section 3–107(a) of the Administrative Review Law and of Supreme Court Rule 335(a) are substantively similar. (Compare 735 ILCS 5/3–107(a) (West 1992) ('the administrative agency and all persons * * * who were parties of record * * * shall be made

˘13˘

defendants') with 134 Ill.2d R. 335(a) ('The agency and all other parties of record shall be named respondents').) *There is nothing in the plain language of the statute or the rule that would justify the development of two divergent procedural standards for the review of administrative matters, and we do not believe that the meanings of these similar requirements should vary.*" (Emphasis added.) *McGaughy*, 165 Ill. 2d at 12.

In other words, *McGaughy* treated Rule 335(a)'s requirement that "[t]he agency and all other parties of record *shall be named* respondents" as synonymous and therefore legally indistinguishable from section 3–107(a)'s requirement that "the administrative agency and all *** parties of record *** *shall be made* defendants." Once again, contrary to the Justice Fitzgerald's unsupported assertion, a party *is* "made" a defendant simply by being "named." Indeed, the linchpin of *McGaughy* is that, in this context, the two words mean exactly the same thing.

As it turns out, *McGaughy*'s reading of section 3–107(a) perfectly vindicates the General Assembly's intent, as evidenced by the relevant legislative history. The exception to the 35-day rule was enacted on January 1, 1994, as part of Public Act 88–1. See Pub. Act 88–1, §7, eff. January 1, 1994. Speaking on the floor of the Illinois Senate, the bill's chief sponsor in that body described the purpose of the exception as follows:

> "As amended in the Senate, [the bill] also deals with who should be *named* parties in an administrative review ***.
>
> ***
>
> There have been some difficulties because, on occasion, the final order in the administrative agency does not name all parties who ought to be *named*. Therefore, this bill, as amended, provides that the petitioner–the person bringing the action for administrative review–will *name* all those parties who are named in the final order of the administrative action, and then if a court subsequently determines that another party *ought to be named*, the person bringing the action will be granted leave of twenty-one days *to add those other parties to the petition for administrative review*." (Emphases added.) 88th Ill. Gen. Assem., Senate Proceedings, March 12, 1993, at 20 (remarks of Senator Hawkinson).

˘14˘

These remarks, which describe the focus of section 3–107, speak exclusively to who must be *named* and make no mention whatsoever of service. Moreover, Senator Hawkinson's statement that the exception grants 21 days "to add those other parties *to the petition*" flatly refutes the Justice Fitzgerald's assertion that "a party is not 'made' a defendant simply by naming that party in the caption of the complaint."As Senator Hawkinson's statement confirms, that's *exactly* what it means to be "made" a defendant.

Finally, we note that, even if the Justice Fitzgerald's reading of section 3–107(a) is correct, the school districts *still* may invoke the exception to the 35-day rule. Again, the exception states:

> "If, during the course of a review action, the court determines that a party of record to the administrative proceedings was not *made* a defendant as required by the preceding paragraph, and only if that party was not named by the administrative agency in its final order as a party of record, then the court shall grant the plaintiff 21 days from the date of the determination in which to name and serve the unnamed party as a defendant." (Emphasis added.)

According to Justice Fitzgerald , to be "made" a defendant, "a party must be both named *and served* within the statutory period." (Emphasis added.) Slip op. at 22 (Fitzgerald, J., dissenting). If this is true, then the school districts' lack of compliance with section 3–105's service requirement is not a *barrier* to the invocation of section 3–107(a)'s exception. On the contrary, it *triggers* the exception. Indeed, by Justice Fitzgerald's own reasoning, as long as the Committee of Ten was unserved, it "was not made a defendant." The exception therefore applies.[2]

---

[2]We also note that, if Justice Fitzgerald is correct in asserting that a

party is not "made" a defendant until it is both named *and* served, then the exception set forth in the second paragraph section 3–107(a) is easily the most specific statutory provision at play, as it excuses noncompliance with both section 3–105 *and* section 3–107. Indeed, under Justice Fitzgerald's approach, the exception would apply when a party omitted from the agency's final order is (1) not named in the petition for administrative review, (2) not served with the petition for administrative review, or (3) neither named in nor served with the petition for administrative review.

The only question remaining, then, is whether the Board's order identified the petitioners as parties of record. Clearly, it did not. As discussed above, the Board's order granting the petition did not identify *any* party as a "party of record." The caption on the order referred only to the petition for detachment from East St. Louis and annexation to Collinsville, and it did not otherwise identify the parties. And while the text of the Board's order referred generally to the "Petitioners" and noted that a "Committee of Ten" had been appointed, the order did not identify any of the petitioners or committee members by name. Even the appellate court conceded this point, noting that "[n]either the school districts involved nor the petitioners seeking detachment and annexation were explicitly labeled as 'parties of record' in the final orders at issue." 348 Ill. App. 3d at 698.[3]

Accordingly, we hold that the circuit court properly granted the school districts' motion to amend. The exception set forth in the second paragraph of section 3–107(a) sets forth two, and only two, conditions for application of that exception: (1) a party of record was not made a defendant as required by the first paragraph of section 3–107(a), and (2) that same party was not named by the administrative agency in its final order as a party of record. 735 ILCS 5/3–107(a). Both of those conditions are present in this case, and the school districts therefore were entitled to 21 days in which to name and serve the additional defendants.

## CONCLUSION

---

[3]The appellate court got around this point by insisting that "the omission of their names, purposefully or by clerical error, from the final order does not convert the petitioners into nonparties." 348 Ill. App. 3d at 694. This is undeniably true. But whether the petitioners *were* parties of record is not the issue. Rather, the issue is whether the petitioners *were named as* parties of record in the Board's final order.

For the reasons set forth above, the judgment of the appellate court is reversed, the judgment of the circuit court is affirmed, and the cause is remanded for further proceedings consistent with this decision.

*Appellate court judgment reversed;*
*circuit court judgment affirmed*;
*cause remanded*.

JUSTICE GARMAN, concurring in part and dissenting in part:

I agree with the Justice Fitzgerald's conclusion that Collinsville Community Unit School District No. 10 is barred from obtaining judicial relief because of its failure to strictly comply with section 3–105 of the Administrative Review Law (735 ILCS 5/3–105 (West 2000)). However, I also agree with the majority's determination that section 3–105 addresses service, not joinder. Accordingly, it is the school district's failure to serve the committee of 10 and its members, rather than its failure to join them, that mandates dismissal of this action.

As both the majority and the Justice Fitzgerald's dissent note, a party seeking review of an administrative decision must strictly comply with the procedures established by the Review Law. *ESG Watts, Inc. v. Pollution Control Board*, 191 Ill. 2d 26, 30 (2000); *Lockett v. Chicago Police Board*, 133 Ill. 2d 349, 353 (1990). Strict compliance must begin with section 3–103 of the Review Law, entitled "Commencement of Action":

> "Every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision[.]" 735 ILCS 5/3–103 (West 2000).

Section 3–105 goes on to establish how summons, once issued, must be served:

> "Summons issued in any action to review the final administrative decision of any administrative agency shall be

served by registered or certified mail on the administrative agency and on each of the other defendants except in the case of a review of a final administrative decision of the regional board of school trustees, regional superintendent of schools, or State Superintendent of Education, as the case may be, when a committee of 10 has been designated as provided in Section 7-6 of the School Code, and in such case only the administrative agency involved and each of the committee of 10 shall be served." 735 ILCS 5/3-105 (West 2000).

Thus, sections 3-103 and 3-105 require summons to be issued within 35 days for the administrative agency and each of the other defendants, except in cases where a committee of 10 has been appointed. Where there is a committee of 10, the Review Law requires issuance of summons for the administrative agency and each member of the committee of 10. As the majority correctly notes, this provision says nothing about whether the committee and its members should be joined as defendants. Slip op. at 10. However, it does require that they be served with summons properly issued within 35 days, regardless of whether they are joined.

Section 3-107, in contrast, speaks solely to joinder. 735 ILCS 5/3-107 (West 2000). In addition to establishing who must be joined, it allows petitioners a second chance to join defendants who were not named as parties of record in the final administrative order. 735 ILCS 5/3-107 (West 2000). However, the district's failure to join the committee of 10 was not the district's critical shortcoming. Rather, the district failed to strictly comply with the Review Law when it failed to obtain issuance of summons for the committee of 10 and its members within the 35 days mandated by section 3-103 (735 ILCS 5/3-103 (West 2000)). Although the application of section 3-107 allows the belated joinder of certain parties, it cannot excuse the district's failure to timely serve the committee of 10 and its members in accordance with the requirement of sections 3-103 and 3-105. The consequence for this failure to comply is dismissal of the review proceeding. *McGaughy v. Illinois Human Rights Comm'n*, 165 Ill. 2d 1, 12 (1995).

Most petitioners for administrative review will not find themselves in the school district's position. The section 3-105 requirements for service are unique and specific only in their

treatment of cases involving a committee of 10 under the School Code. Other petitioners are merely required to serve "the administrative agency and *** each of the other defendants." 735 ILCS 5/3–105 (West 2000). As the majority notes, a party is made a defendant by being named in the complaint. Slip op. at 12. Thus, in most cases section 3–105 does not require service until a defendant is named. When petitioners fail to name a party of record who was not named in the agency's final order, most will be able to fall back on the section 3–107 exception that allows extra time to join and then to serve that defendant. 735 ILCS 5/3–107 (West 2000). However, when a committee of 10 is involved, the Review Law requires issuance of summons within the 35-day limit of section 3–103 no matter whether or when the committee is named as a defendant. Slip op. at 23 (Fitzgerald, J., dissenting).

In cases where the appellate court has properly applied the language at issue in the section 3–107 exception, the facts suggest legitimate confusion about the appropriate defendants to join. In *United Methodist Village Retirement Communities, Inc. v. Property Tax Appeal Board*, 321 Ill. App. 3d 456 (2001), the petitioner taxpayer appealed a notice of assessment change to the county board of review. *United Methodist*, 321 Ill. App. 3d at 458. He then appealed the board of review decision to the Property Tax Appeal Board, which did not name the board of review as a party in its final order. *United Methodist*, 321 Ill. App. 3d at 458-59. On appeal of the Appeal Board's decision, the petitioner joined only the Appeal Board. The appellate court applied section 3–113(b) of the Review Law (735 ILCS 5/3–113(b) (West 1998)), which contains language identical to the section 3–107 exception, and allowed amendment of the petition for review to add the board of review as a defendant. *United Methodist*, 321 Ill. App. 3d at 460-61. In an earlier property tax case, the petitioner appealed directly to the Appeal Board, bypassing the board of review entirely. *Villa Retirement Apartments, Inc. v. Property Tax Appeal Board*, 302 Ill. App. 3d 745, 750-51 (1999). Holding that the board of review was nevertheless a party of record, the appellate court determined that the petitioner was entitled to amend its complaint to add the board of review as a defendant. *Villa Retirement*, 302 Ill. App. 3d at 751-52.

In each of these cases, it was unclear whether the Board of Review was an appropriate party to join and serve. But no confusion

as to service exists in the instant case. Section 3–105 precisely informed the district of whom to serve when appealing a decision of the regional school board of trustees. 735 ILCS 5/3–105 (West 2000). In contravention of this explicit language, the district did not obtain issuance of summons for the committee of 10 and its members within 35 days.

The section 3–107 exception allowing belated joinder cannot excuse this failure to comply with the Review Law's service requirements. In this regard, I join Justice Fitzgerald's dissent.

JUSTICE FITZGERALD, dissenting:

I agree with the majority that one of our fundamental rules of statutory construction is " 'to view all of the provisions of a statute as a whole.' " Slip op. at 16, quoting *Land v. Board of Education of the City of Chicago*, 202 Ill. 2d 414, 422 (2002). Under this rule, each provision of a statute must be construed in connection with every other section (*Lulay v.* Lulay, 193 Ill. 2d 455, 466 (2000)), and not as isolated provisions (*Michigan Avenue National Bank v. County of Cook*, 191 Ill. 2d 493, 504 (2000)). The majority, however, fails to follow this rule by overlooking other provisions of the Administrative Review Law (Review Law) (735 ILCS 5/3–101 *et seq.* (West 2000), relevant to the issue before us. In particular, the majority overlooks the service of summons provisions contained in section 3–105 (735 ILCS 5/3–105 (West 2000)). Consideration of section 3–105, in conjunction with section 3–107 (735 ILCS 5/3–107 (West 2000)), leads to the conclusion that the appellate court judgment, dismissing the complaint for administrative review, should be affirmed. Accordingly, I dissent.

Section 3–105 of the Review Law states, in relevant part:

> "Summons issued in any action to review the final administrative decision of any administrative agency shall be served by registered or certified mail on the administrative agency and on each of the other defendants *except in the case of a review of a final administrative decision of the regional board of school trustees, regional superintendent of schools, or State Superintendent of Education, as the case may be, when a committee of 10 has been designated as provided by Section 7–6 of the School Code, and in such case only the*

*administrative agency involved and each of the committee of 10 shall be served*." (Emphasis added.) 735 ILCS 5/3–105 (West 2000).

The relevance of section 3–105 to this appeal is evident. Collinsville challenged a "final administrative decision of the regional board of school trustees" and a "committee of 10" was designated in accordance with the School Code. See 105 ILCS 5/7–6 (West 2000). Pursuant to section 3–105, "each of the committee of 10 shall be served." 735 ILCS 5/3–105 (West 2000). The focus of this appeal, therefore, is not solely section 3–107. Rather, we must consider the interplay between sections 3–107 and 3–105.

"[S]ettled principles of statutory construction call for the specific to control over the general." *People v. Singleton*, 103 Ill. 2d 339, 345 (1984). Accordingly, where a statute contains two provisions relating to the same subject, one specific and one general, the specific provision controls and should be applied. *Knolls Condominium Ass'n v. Harms*, 202 Ill. 2d 450, 459 (2002). Here, sections 3–105 and 3–107 of the Review Law both involve the joinder requirements for an administrative review action. Section 3–107 sets out the general requirement: "the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency shall be made defendants." 735 ILCS 5/3–107(a) (West 2000). Section 3–107(a) also contains an exception to this general rule, allowing amendment of the complaint where the omitted defendant was "not named by the administrative agency in its final order as a party of record." 735 ILCS 5/3–107(a) (West 2000).

Section 3–105, on the other hand, addresses a specific case: "the case of a review of a final administrative decision of the regional board of school trustees," where a "committee of 10 has been designated." 735 ILCS 5/3–105 (West 2000). "[I]n such case only the administrative agency involved and *each of the committee of 10* shall be served." (Emphasis added.) 735 ILCS 5/3–105 (West 2000). Section 3–105 specifically addresses the present situation and controls over the more general provisions of section 3–107(a). Accordingly, the school districts' argument that the petitioners or the Committee of Ten were not "named" in the Board's final order as "parties of record" is irrelevant. The school districts were on notice, by virtue of section 3–105, that they were required to serve "each of

the committee of 10." Under the statute, and our case law, Collinsville's failure to comply strictly with the Review Law is fatal to its complaint. See 735 ILCS 5/3–102 (West 2000) (barring review unless sought within the time and manner provided by the Review Law); *ESG Watts, Inc. v. Pollution Control Board*, 191 Ill. 2d 26 (2000) (affirming dismissal of administrative review petition based on failure to join the party who instituted the underlying administrative proceeding); *McGaughy v. Illinois Human Rights Commission*, 165 Ill. 2d 1 (1995) (in consolidated appeal, dismissing one administrative review action and affirming dismissal of the other, where petitioners served respondents but failed to name those parties in their review petitions); *Lockett v. Chicago Police Board*, 133 Ill. 2d 349 (1990) (affirming dismissal of complaint for administrative review for failure to name a party of record).

The majority maintains that because section 3–105 addresses service of process, and section 3–107 addresses who must be named as a defendant, section 3–105 cannot be deemed the more specific and controlling of the two statutory provisions. Slip op. at 10. The majority's reading of these statutory sections is artificially narrow. Section 3–107 is not simply a naming provision. Section 3–107 addresses who must be "made" a defendant in an administrative review proceeding. 735 ILCS 5/3–107 (West 2000). A party is not "made" a defendant simply by naming that party in the caption of the complaint for administrative review. A party must be both named and served within the statutory period. Thus, section 3–107 allows additional time to "name and serve" an unnamed party. 735 ILCS 5/3–107 (West 2000). Similarly, section 3–105 is not simply a service statute as the majority contends. To be sure, section 3–105 addresses how service shall be made on defendants in a review action–by registered or certified mail. Section 3–105, however, also addresses who must be served as defendants in a case such as the present one: "the administrative agency involved and each of the committee of 10." 735 ILCS 5/3–105 (West 2000). Thus, section 3–107 and 3–105 both speak, in some fashion, as to who must be joined or "made" a defendant in a case such as the present one, but section 3–105 is the more specific.

Even if the majority's characterization of section 3–107 as a naming provision and section 3–105 as a service provision is correct, I disagree with the majority's conclusion that section 3–105 is

irrelevant to this case. *Lockett* and its progeny firmly establish that administrative review is barred unless the complaining party is in compliance with the procedures set forth in the Review Law. As the majority states, "A party seeking to invoke a court's special statutory jurisdiction *must strictly comply with the procedures prescribed by statute*." (Emphasis added.) Slip op. at 5. Section 3–105 expressly required Collinsville to serve "each of the committee of 10." 735 ILCS 5/3–105 (West 2000). That obligation was not made dependent on any obligation to name the committee, its members, or the underlying petitioners as defendants. Collinsville failed to serve the committee members and thus failed to "strictly comply with the procedures prescribed by statute."

I recognize that the Review Law "was not intended to be a trap for the unwary to establish a bar to relief." *Chestnut v. Lodge*, 34 Ill. 2d 567, 571 (1966). In this case, however, no trap was set. Section 3–105 of the Review Law set forth in explicit terms how a case of this type must proceed. Accordingly, Collinsville's failure to serve the members of the Committee of Ten cannot be overlooked. I would hold that because review was not sought in the manner provided in the Review Law, the school districts are "barred" from obtaining judicial review. 735 ILCS 5/3–102 (West 2000).

JUSTICE KILBRIDE, also dissenting:

I agree with Justice Fitzgerald's dissent that section 3–105 controls in this appeal. I write separately to explain that, even if the exception in section 3–107 were applicable, the conditions for application of that exception have not been met in this case. The appellate court's dismissal of the complaint for administrative review should be affirmed in either case. Accordingly, I respectfully dissent.

The majority concludes that the exception contained in section 3–107 of the Administrative Review Law (Review Law) allows the school districts an opportunity to name and serve the members of the Committee of Ten as defendants. Slip op. at 15. The exception in section 3–107 only applies, however, if the party who was not made a defendant "was not named by the administrative agency in its final order as a party of record." 735 ILCS 5/3–107(a) (West 2000). The majority finds this exception applies because the Board's order failed to identify the petitioners as parties of record. Slip op. at 16. The

majority notes that the caption of the order did not identify the parties, and the text of the order did not identify any of the individual petitioners or members of the Committee of Ten by name. Slip op. at 16.

I disagree with the conclusion that the order did not sufficiently identify the members of the Committee of Ten as parties of record within the meaning of the Review Law. The body of the order recites, in pertinent part, that "the Petition was signed by more than two-thirds (2/3) of the legal registered voters of the area involved, that a Committee of Ten was appointed in the Petition and that the legal requirements set forth in 105 Illinois Compiled Statutes 5/7 have been met by the Petitioners." Under the School Code, a committee of 10 is a group of petitioners designated in the petition as attorney in fact for all of the petitioners. 105 ILCS 5/7–6(c) (West 2000). Thus, the order, by referring to the appointment of the Committee of Ten, identifies the members of that group as petitioners. Under any characterization, the petitioners are parties of record. As noted by the majority, the petitioners were "clearly parties of record." Slip op. at 6. Thus, the order is sufficient to identify the members of the Committee of Ten as petitioners and as parties of record.

In my view, the majority gives the exception in section 3–107 too broad of a construction. The majority would apparently require that each member of the Committee of Ten must be specifically named and referred to as "a party of record" for the exception not to apply. I believe the exception should be construed more narrowly. The identification of the Committee of Ten as petitioners in the order was sufficient to name the members of that group as parties of record. Thus, the exception in section 3–107 that would allow the school districts to add the members of the Committee of Ten as defendants is not applicable based on the facts of this case.

I would also note that the circumstances of this case show this construction of the exception cannot be considered unfair or "a trap for the unwary." See *Chestnut v. Lodge*, 34 Ill. 2d 567, 571 (1966) (Review Law "was not intended to be a trap for the unwary"). The petitioners, who were represented by the Committee of Ten, instituted the proceedings. The Committee of Ten represented the petitioners throughout these proceedings. The record shows there were three separate hearings before the Board on this petition. The attorney for

the petitioners appeared at each of these hearings. Julia Martinez, one of the members of the Committee of Ten, testified during the proceedings. The Board members referred to "the petitioners" repeatedly throughout the hearings. The entire administrative proceeding focused on the petition, prominently identifying the members of the Committee of Ten by name on page one. The petition specifically states "[t]he following Petitioners are designated as the Committee of Ten to act as attorney in fact for all Petitioners." In sum, the record is replete with references to the petitioners and the Committee of Ten.

Based on these facts, the school districts cannot claim that they did not know that the members of the Committee of Ten were parties of record. The status of the members of the Committee of Ten as parties of record could not be more apparent. Thus, denying the school districts additional time to add the members of the Committee of Ten as defendants would not be unfair.

Finally, as noted by both Justice Fitzgerald and Justice Garman, section 3–105 clearly required the school districts to serve each member of the Committee of Ten. Slip op. at 21 (Fitzgerald, J., dissenting); Slip op. at 18 (Garman, J., concurring in part and dissenting in part). The school districts failed to serve the members of the Committee of Ten when this action was initiated. Additionally, after the school districts were granted leave to add the members of the Committee of Ten as defendants, the school districts were obligated to arrange for the service of the defendants. Nonetheless, according to the record, the school districts completely failed to serve the members of the Committee of Ten–even after they were granted leave to add these parties as defendants. In failing to serve the committee members, the school districts failed to comply strictly with the Review Law.

In sum, this appeal should be resolved based on application of section 3–105 as explained in Justice Fitzgerald's dissent. However, even if the exception in section 3–107 were applicable to this appeal, the conditions for application of that exception have not been met. Accordingly, the judgment of the appellate court dismissing the complaint for administrative review should be affirmed.