SECOND DIVISION
June 30, 2006

No. 1-05-3142

| | | |
|---|---|---|
| EMERALD CASINO, INC., an Illinois Corporation, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | |
| THE ILLINOIS GAMING BOARD, et al., | ) | Honorable |
| Defendants-Appellees, | ) ) | Thomas P. Quinn, Judge Presiding. |

JUSTICE WOLFSON delivered the opinion of the court:

Emerald Casino, Inc., has launched two appellate attacks on the Illinois Gaming Board's license revocation order. One brought under the Illinois Riverboat Gambling Act is pending in the Fourth Appellate District. The other, in this court, stems from an unsuccessful Cook County circuit court challenge to the constitutionality of some of the Board's rules that governed the revocation proceeding.

Before we can consider the merits of Emerald's contentions we have to decide whether, under the circumstances of this case, this case is properly before us. We hold it is not.

BACKGROUND

In 1992, Emerald was granted one of the 10 casino operator's licenses authorized by the Illinois Riverboat Gambling Act (RGA) (230 ILCS 10/1 *et seq.* (West 1992)). In 2001, the Board initiated disciplinary proceedings against Emerald in order to

1

revoke its license, alleging Emerald had committed multiple violations of Illinois law.

On May 10, 2002, the administrative law judge presiding over the disciplinary proceeding entered an order upholding the constitutionality of the Board's administrative rules in general, and its discovery rules in particular. In response, Emerald filed a complaint for declaratory and injunctive relief against the Board in the circuit court of Cook County, alleging that many of the Board's administrative rules were facially unconstitutional and denied Emerald due process of law.

The trial court dismissed Emerald's complaint with prejudice and denied Emerald's motion for a preliminary injunction on September 2, 2005. Emerald appealed.

While this appeal was pending, the disciplinary proceeding was completed. The Board issued a final decision revoking Emerald's license on December 20, 2005. Emerald directly appealed the Board's revocation decision in the Fourth District of the Illinois Appellate Court, as required by section 17.1(a) of the RGA. 230 ILCS 10/17.1(a) (West 2004). It referred to its petition as "seeking administrative review of a final order of the Illinois Gaming Board."

DECISION

On appeal, Emerald contends the trial court erred when it found none of the Board's rules facially unconstitutional. Emerald asks us to reverse the trial court's order and declare the disciplinary proceedings null and void.

The Board contends Emerald may challenge the validity of the revocation order only in a statutorily authorized proceeding for administrative review. Because Emerald

is presently pursuing review in the Fourth District, the Board contends Emerald cannot seek the same relief--directly or indirectly--in this appeal.  We agree.

Section 17.1(a) of the RGA states:

> "Jurisdiction and venue for the judicial review of a final order of the Board relating to owners, suppliers or special event licenses is vested in the Appellate Court of the judicial district in which Sangamon County is located.  A petition for judicial review of a final order of the Board must be filed in the Appellate Court, within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision."  230 ILCS 10/17.1(a) (West 2004).

The ultimate relief Emerald asks us for is a declaration that the revocation proceedings are "null and void."  That is, Emerald, in fact, seeks review of a "final order of the Board" as that term is used in section 17.1(a) of the RGA.

Final administrative decisions are appealable only as provided by law.  Ill. Const. 1970, art. VI, §§ 6, 9; Collinsville Community Unit School District v. Regional Board of School Trustees of St. Clair County, 218 Ill. 2d 175, 181, 843 N.E.2d 273 (2006) ("Collinsville").  Because review of a final administrative decision may be obtained only as provided by statute, a court is said to exercise " 'special statutory jurisdiction' " when it reviews an administrative decision.  Collinsville, 218 Ill. 2d at 182, quoting ESG Watts, Inc. v. Pollution Control Board, 191 Ill. 2d 26, 30, 727 N.E.2d 1022 (2000).  "Special

statutory jurisdiction is 'limited to the language of the act conferring it and the court has no powers from any other source.' " Collinsville, 218 Ill. 2d at 182, quoting Fredman Brothers Furniture Co. v. Department of Revenue, 109 Ill. 2d 202, 210, 486 N.E.2d 893 (1985). The remedy under the act is exclusive and alternate methods of direct review or collateral attack are not permitted. Board of Education of Hawthorne School District v. Eckman, 103 Ill. App. 3d 1127, 1129, 432 N.E.2d 298 (1982); People ex rel. Peterson v. Turner Co., 37 Ill. App. 3d 450, 456, 346 N.E.2d 102 (1976).

Generally, a party may not seek judicial relief from an administrative action unless the party has exhausted all available administrative remedies. Arvia v. Madigan, 209 Ill. 2d 520, 531, 809 N.E.2d 88 (2004).

Where the Administrative Review Law is applicable and a reviewing court may grant the relief a party seeks within the context of reviewing the agency's decision, a circuit court has no authority to entertain independent causes of action regarding the agency's actions. Arvia, 209 Ill. 2d at 532. " 'Any other conclusion would enable a party to litigate separately every alleged error committed by an agency in the course of the administrative proceeding.' " Arvia, 209 Ill. 2d at 532, quoting Dubin v. Personnel Board, 128 Ill. 2d 490, 499, 539 N.E.2d 1243 (1989).

In its petition for administrative review in the Fourth District, Emerald launched a global attack on the revocation order. The petition is 27 plus pages long. The reasons for relief given by Emerald literally range from A to Z, with subsections. Most of the issues raised by Emerald have to do with denial of due process rights. Of particular relevance to this appeal are paragraphs N., U., and W.

1-05-3142

Paragraph N. contends the disciplinary proceeding was invalid because it required Emerald to carry the burden of proving its fitness by clear and convincing evidence. The paragraph is an attack on Rule 1140(a) (86 Ill. Adm. Code 3000.1140).

Paragraph U. contends the Board's subpoena rules denied Emerald its right to cross-examine and otherwise challenge adverse witnesses. That is an attack on Rule 1139 (86 Ill. Adm. Code 3000.1139).

Paragraph W. is a broad attack on the Board's rules. It contends:

"Emerald was denied its due process rights and equal protection of the law and is otherwise entitled to relief because the rules under which these proceedings were conducted and its rights were determined were unconstitutional as a matter of law, rendering the proceedings illegal ab initio by denying Emerald important constitutional rights with respect to burden, discovery, cross-examination, confrontation of witnesses, notice and fairness of the hearing process, among others."

In short, Emerald makes the same facial attack on the Board's rules in its Fourth District petition as it does in the appeal before us. It is worded a bit differently, not using the numbers of the rules, for example, but that is a distinction without a difference. No issue is raised in this appeal that is not and could not be raised in the administrative review petition.

In the appeal before us, Emerald does not challenge the jurisdiction of the Board

to proceed against it.  Nor does Emerald challenge the Board's authority to establish rules for the conduct of a revocation hearing.  Rather, it makes a facial challenge to the constitutionality of the rules used in the proceeding.  In light of Emerald's petition for review, we see no reason why the issues before us could not be resolved by the Fourth District.

Emerald tells us that its appeal of the circuit court order is different than its appeal of the Board's revocation order.  That is, different in nature and forum.  They look the same to us.  The issues are the same; they simply are dressed up to look different.  This is not a matter of exhausting administrative remedies or of ripeness of issue for decision.  Those became non-issues when the Board entered its final order and Emerald filed its Petition for Review in the Fourth District.

The cases Emerald cites do not support the proposition it urges––that it can attack the Board's rules in this court at the same time it is pursuing the same arguments in the Fourth District appeal under the RGA.  None of the decisions relied on raises that issue.  For example, In Landfill Inc. v. Pollution Control Board, 74 Ill. 2d 541, 387 N.E.2d 258 (1978), the court agreed the plaintiff could enjoin further proceedings where the Board lacked statutory authority to conduct the hearing.  In Bio-Medical Laboratories, Inc. v. Trainor, 68 Ill. 2d 540, 370 N.E.2d 223 (1977), the court held a facial attack on an administrative rule can be maintained where unauthorized administrative action was threatened.

The question is whether there is any reason to ignore the statutory directive that the appeal proceed under the Riverboat Gambling Act, with venue and jurisdiction in the

Fourth District. We find no such reason.

We have another problem with this appeal. Emerald's First Amended Complaint seeks a declaration that certain Board rules are void and it asks for injunctive relief to stop the hearing. The complaint was filed in the circuit court before the Board entered its revocation order. Obviously, it does not and could not ask that the circuit court vacate the Board's order. That relief is requested in this court. This is another reason for us to say the Fourth District is the proper place for Emerald to pursue its broad-scale attack on the Board's order.

The law does not provide for more than one bite of the appellate apple. Under the circumstances of this case, the Riverboat Gambling Act creates the only permissible avenue for Emerald's attack on the revocation order.

We do not, then, reach the substantive issues raised by Emerald. We do not make or intend any comment on the merits of Emerald's facial challenge to the constitutionality of the Board's rules.

CONCLUSION

For the above mentioned reasons, we dismiss Emerald's appeal.

Appeal dismissed.

GARCIA, P.J., and SOUTH, J., concur.