THE CITY OF CHICAGO, Petitioner-Appellant, v. ILLINOIS LABOR RELATIONS BOARD, LOCAL PANEL, *et al.*, Respondents-Appellees.

First District (6th Division)   No. 1—07—3124

Original opinion filed March 27, 2009.—Rehearing denied August 17, 2009.—Modified opinion filed August 21, 2009.

Mara S. Georges, Corporation Counsel, of Chicago (Benna Ruth Solomon, Myriam Zreczny Kasper, and Suzanne M. Loose, Assistant Corporation Counsel, of counsel), for appellant.

Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro, Solicitor General, and Sharon A. Purcell, Assistant Attorney General, of counsel), for appellees.

JUSTICE CAHILL delivered the modified opinion of the court:

Petitioner, the City of Chicago (City), appeals a decision by respondent, the local panel for the Illinois Labor Relations Board (Board). The decision directed the Board's executive director to certify the International Brotherhood of Teamsters (Union) as the exclusive representative of approximately 23 City employees holding the title: "supervising police communications operator" (SPCO). The decision was issued on October 16, 2007. The City filed a petition for review on November 14, 2007. The Board filed a motion to dismiss the appeal on the ground that the October 16 decision was not a final and appealable order. We ordered the Board's motion to be taken with the case. We now grant the Board's motion and dismiss the City's appeal for lack of jurisdiction.

This case began on December 1, 2005, with the filing of a "representation/certification petition" by the Union on behalf of the City's SPCOs. The petition alleged that a majority of the City's SPCOs wished to be represented by the Union in collective bargaining. The City objected to the petition, arguing, among other things, that SPCOs do not comprise an appropriate unit for collective bargaining within the meaning of section 9(b) of the Illinois Public Labor Relations Act (Act) (5 ILCS 315/9(b) (West 2006)). A hearing was held before an administrative law judge (ALJ), who recommended that the certifica-

tion petition be granted. On October 16, with one member dissenting, the Board agreed with the ALJ's finding and ordered its executive director to certify the Union as the exclusive representative of the City's SPCOs. The City filed its petition for review from the October 16 order on November 14, 2007.

Orders entered by an administrative agency such as the Board are appealable as provided by law. See *Collinsville Community Unit School District No. 10 v. Regional Board of School Trustees*, 218 Ill. 2d 175, 181, 843 N.E.2d 273 (2006). The City maintains the October 16 order is appealable under section 9 of the Act (5 ILCS 315/9 (West 2006)), which identifies four final and appealable Board orders. They are orders: (1) "dismissing a representation petition"; (2) "determining and certifying that a labor organization has been fairly and freely chosen by a majority of employees in an appropriate bargaining unit"; (3) "determining and certifying that a labor organization has not been fairly and freely chosen by a majority of employees in the bargaining unit"; and (4) "certifying a labor organization as the exclusive representative of employees in an appropriate bargaining unit because of a determination by the Board that the labor organization is the historical bargaining representative of employees in the bargaining unit." 5 ILCS 315/9(i) (West 2006). The City argues the October 16 order is final and appealable under section 9 because the order determines and certifies that the Union has been fairly and freely chosen by a majority of employees in an appropriate bargaining unit. But the order does not do this.

When interpreting a statute, courts must ascertain and give effect to the legislature's intent. *Williams v. Manchester*, 228 Ill. 2d 404, 419, 888 N.E.2d 1 (2008). The best evidence of that intent is the language of the statute itself. *Williams*, 228 Ill. 2d at 419. The statute here limits judicial review of Board action to final orders. 5 ILCS 315/9 (West 2006). The statute then defines four orders, and only four, that are final. 5 ILCS 315/9 (West 2006). The City contends the October 16 order falls within the scope of the second type of order defined by the statute: an order "determining and certifying that a labor organization has been fairly and freely chosen by a majority of employees in an appropriate bargaining unit." 5 ILCS 315/9 (West 2006). But the Board's October 16 order is one step short of where the City thinks it is for appellate review. The order directs the executive director to certify SPCOs as an appropriate bargaining unit. The order does not itself certify the Union as the exclusive representative, nor does it contain a finding that a majority of SPCOs "fairly and freely" chose the Union as their exclusive representative. Under the plain language of the statute, the October 16 order is not appealable under section 9.

Without citation to authority, the City urges that we construe the October 16 order as final and appealable because there was "[no] issue of substance" to be decided after the order was entered. The City explains that the executive director's role in certifying the Union as the exclusive representative based on a majority interest of SPCOs was ministerial and that the certification following was a mere formality. After a review of the statutory and regulatory schemes applicable here (see 5 ILCS 315/1 *et seq.* (West 2006); 80 Ill. Adm. Code §1210.10 *et seq.*, amended at 27 Ill. Reg. 7393, eff. May 1, 2003), we are unpersuaded by the City's argument.

The City responded to the Union's petition by challenging the right of SPCOs to form a bargaining unit. The City's challenge prompted an inquiry into whether SPCOs are "supervisors" within the meaning of the Act. That inquiry was set for hearing before an ALJ. 80 Ill. Adm. Code §1210.100(b)(7)(C), amended at 28 Ill. Reg. 4172, eff. February 2, 2004. The ALJ determined that SPCOs are not supervisors within the meaning of the Act and could form a collective bargaining unit. The ALJ's ruling was appealable to the Board. See 80 Ill. Adm. Code §1210.35(b), amended at 28 Ill. Reg. 4172, eff. February 19, 2004. The October 16 order affirmed the ALJ's finding that SPCOs are not supervisors within the meaning of the Act. It did not, as the City argues, certify the Union as the exclusive representative of the City's SPCOs.

We likewise disagree with the City's argument that the October 16 order is otherwise reviewable under section 11(e) of the Act (5 ILCS 315/11(e) (West 2006)). That statute provides generally for review of all final orders by the Board except those for which judicial review was sought under section 9 of the Act. 5 ILCS 315/11(e) (West 2006). First, the City sought judicial review of the October 16 order under section 9 of the Act. Second, the October 16 order was not final and appealable because it did not terminate the proceedings before the administrative agency. See 735 ILCS 5/3—101 (West 2006) (defining "administrative decision").

We note that on January 8, 2008, the Board's executive director issued an order entitled "certification of representation." Although the order was filed after the City filed its petition for review in this court and, for this reason, is not contained in the record on appeal, we may take judicial notice of the order. See *May Department Stores Co. v. Teamsters Union Local No. 743*, 64 Ill. 2d 153, 159, 355 N.E.2d 7 (1976) (*per curiam*) (public documents created by an administrative agency are subject to judicial notice because they fall within the category of readily verifiable facts). The January 8 order certifies: (1) "that a majority of the employees in the petitioned-for unit have

indicated support for [the Union]''; and (2) the Union as the exclusive representative of the City's SPCOs for the purpose of collective bargaining. The January 8 order demonstrates that the administrative proceedings were not terminated by the October 16 order.

The Board's motion to dismiss the appeal for lack of jurisdiction is granted and the appeal is dismissed.

Appeal dismissed.

J. GORDON and McBRIDE, JJ., concur.