SAID MASSOUD, Plaintiff-Appellant, *v.* BOARD OF EDUCATION OF VALLEY VIEW COMMUNITY DISTRICT NO. 365-U, Defendant-Appellee.

Third District   No. 80-233

Opinion filed June 4, 1981.

John A. Nudo, Ltd., of Joliet, for appellant.

Barry L. Moss, of Moss & Bloomberg, Ltd., of Bolingbrook, for appellee.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Said Massoud appeals from the judgment of the Circuit Court of Will County dismissing his complaint for administrative review of the decision and order of a hearing officer from the State Board of Education. Massoud was a tenured teacher. Charges for his dismissal were brought against him by the Board of Education of Valley View Community District No. 365-U (hereinafter Local Board).

Pursuant to applicable provisions of the School Code (Ill. Rev. Stat. 1979, ch. 122, par. 24—12), a hearing was held on the charges before a hearing officer from the State Board of Education. After the hearing, the officer, Minor K. Wilson, found that the charges were well taken, and he ordered dismissal of the teacher. Massoud sought review of that decision and order in the circuit court, pursuant to the Administrative Review Act

(Ill. Rev. Stat. 1979, ch. 122, par. 24—16; Ill. Rev. Stat. 1979, ch. 110, par. 264 *et seq.*). The circuit court, on motion by the Local Board, dismissed the action, finding that the complaint for review was not timely filed within the 35-day limitation prescribed by section 4 of the Administrative Review Act. (Ill. Rev. Stat. 1979, ch. 110, par. 267.) From that decision and dismissal, the appellant Massoud appeals to this court. On appeal, he argues that service of notice of the decision by the State Board of Education was not proper because it was sent to his attorney of record, and not to him, as required by applicable law.

The facts are not disputed. Massoud was a tenured teacher of physical education working for the Local Board of Education. Because of alleged physical abuse of students by him, the Local Board sought his dismissal. They sent him a letter of remediation and then, later, a notice of dismissal. Thereafter, pursuant to the provisions of section 24—12 of the School Code (Ill. Rev. Stat. 1979, ch. 122, par. 24—12), a hearing was held on the charges before Minor K. Wilson, a hearing officer from the State Board of Education. After reviewing proferred exhibits and hearing testimony from a number of witnesses, including Massoud, the hearing officer found that the charges were well taken. He affirmed the Board's decision to dismiss, based upon the evidence at the hearing, and he ordered dismissal of Massoud. The pertinent provision of section 24—12 states:

> "The hearing officer shall, with reasonable dispatch, make a decision as to whether or not the teacher shall be dismissed and shall give a copy of the decision to both the teacher and the school board. The decision of the hearing officer is final unless reviewed as provided in Section 24—16 of this Act." (Ill. Rev. Stat. 1979, ch. 122, par. 24—12.)

Pursuant to these requirements, the hearing officer, through the State Board of Education, sent notice of the decision, including a copy of the decision, to the offices of Mr. Massoud's attorney. The decision was mailed, by First Class mail, to Mr. Massoud's attorney on October 25, 1979. The complaint for administrative review of the decision was filed on November 30, 1979, being 36 days after notice was mailed by the State Board of Education. The complaint was filed by a different attorney for Mr. Massoud than the one who represented him before the hearing officer. He had changed attorneys after the decision was rendered.

In the circuit court, the Local Board filed a motion to dismiss the action, based upon the untimeliness of the filing of the complaint. The Administrative Review Act, which governs review of dismissals by virtue of section 24—16 of the School Code (Ill. Rev. Stat. 1979, ch. 122, par. 24—16), requires that a complaint for review of an administrative action be filed within 35 days of service of a copy of the decision upon the party

affected. (Ill. Rev. Stat. 1979, ch. 110, par. 267.) Section 4 also states, in pertinent part, that *unless the Act governing the procedure before agency provides otherwise,* a decision shall be deemed to have been served "when deposited in the United States mail, in a sealed envelope or package, with postage prepaid, addressed to the party affected thereby at his last known residence or place of business." (Emphasis added.) (Ill. Rev. Stat. 1979, ch. 110, par. 267.) There is no dispute that 36 days had passed between the filing of the complaint and the time the notice of decision was mailed to Mr. Massoud's attorney by the State Board of Education. The issue raised by Massoud in the trial court was whether the notice to his attorney was sufficient. He argues that notice of the decision should have been mailed directly to him, as the individual affected by the decision. The trial court determined that service of notice upon the attorney was sufficient and that it complied with the requirements of section 4 of the Administrative Review Act. Accordingly, the court dismissed the appeal as untimely.

■■ While the specific focus has been upon which person received the decision, the essential question raised on appeal is whether the service of the copy of the decision, which was made upon Mr. Massoud's attorney of record, complied with the requirements of the applicable statutory provisions. The Local Board argues, and the circuit court agreed, that the governing provision is section 4 of the Administrative Review Act (Ill. Rev. Stat. 1979, ch. 110, par. 267), which states that service of a decision shall be deemed received when deposited in the mail, postage prepaid, addressed to the party affected thereby at his last known residence or place of business. This section controls, according to the Local Board, because the School Code itself makes no provision for the method of notice in this case. We disagree, for the School Code does make provision for the method of notice and, therefore, section 4 does not control.

The School Code, in section 24—12 (Ill. Rev. Stat. 1979, ch. 122, par. 24—12), which governs teacher removal and discharge proceedings, requires a hearing before a hearing officer from the State Board of Education. The State Board, in section 24—12, is directed to promulgate uniform standards and rules of procedure for such hearings. Furthermore, the State Board of Education was established by amendments to the School Code in 1973. (Ill. Rev. Stat. 1979, ch. 122, par. 1A—1 *et seq.*) In section 1A—7 of the Code, the legislature adopts and incorporates the provisions of the Illinois Administrative Procedure Act (Ill. Rev. Stat. 1979, ch. 127, par. 1001 *et seq.*) into the School Code, to apply to administrative rules and procedures of the State Board under the School Code. (Ill. Rev. Stat. 1979, ch. 122, par. 1A—7.) In turn, the Administrative Procedure Act, in pertinent part, requires that a final decision in a contested case be in writing and stated in the record. It also provides:

"Parties or their agents appointed to receive service of process shall be notified either personally or by registered or certified mail of any decision or order." (Ill. Rev. Stat. 1979, ch. 127, par. 1014.)

This provision for personal service of notice or service by certified or registered mail is found repeated in the Rules and Regulations promulgated by the State Board and adopted pursuant to the direction in section 24—12 of the School Code. In its Rules and Regulations, the State Board defines service.

"1.02 'Service' shall mean service of any document by personal service or by certified or registered mail, postage prepaid, to the individual's last known address."

Thus, it can be seen that the governing provision is found in the School Code and the State Board's Rules and Regulations, and not, as argued by the Local Board, in section 4 of the Administrative Review Act.

■■ ■ In the instant case, notice of the decision has not been shown to have complied with the requirements of the School Code or the Board's Rules and Regulations. Notice was not given by certified or registered mail, but only by first class mail, so far as the record shows. Had notice been given by certified or registered mail, then the date of mailing would be controlling. (See *Avdich v. Kleinert* (1977), 69 Ill. 2d 1, 370 N.E.2d 504; *Thompson v. Civil Service Com.* (1978), 63 Ill. App. 3d 153, 379 N.E.2d 655.) It would have made no difference that the notice of the decision was upon the attorney for Massoud, since the governing provision, section 14 of the Administrative Procedure Act, permits notice to the party or *to an agent appointed to receive service.* Certainly, an attorney of record before an administrative agency is appointed to receive service for his client, barring an express statement to the contrary in his entry of appearance. In the instant case, however, the requirements of the statute as to the method of mail notification were not strictly followed by the State Board. Given its failure to comply with the specific notice requirements of the statute, we will not presume that notice was received on the date of mailing. To do so would be to fully condone the lack of strict compliance by the State Board. However, we do not conclude that the decision and order is void, based upon the failure to strictly comply with the notice requirements. (See Ill. Rev. Stat. 1977, ch. 127, par. 1014; *cf. Glover v. Board of Education* (1925), 62 Ill. 2d 122, 340 N.E.2d 4.) Here, there was substantial compliance with the requirement of notice, and there is no dispute that notice and a copy of the decision was received by Massoud's attorney within days after the decision was rendered. Under the circumstances, the actual date of the receipt of the notice by Massoud's attorney should control, for purposes of filing the review action. The day of receipt, according to the uncontradicted allegations in the complaint, supported by the date stamped copy of the decision

attached thereto, was the 30th of October, 1979. Accordingly, the complaint, which was filed November 30, 1979, was filed within 35 days of the day the notice was served upon the party affected. On this basis, it was error to have granted the Local Board's motion to dismiss the complaint for untimeliness. The cause will be remanded for further proceedings in the circuit court.

■■ The Local Board, in seeking to uphold the dismissal, argues another ground for affirmance of the circuit court's decision. It is argued that the dismissal was proper because of Massoud's failure to join the hearing officer and the State Board of Education as defendants in the suit. This argument was made in a motion to dismiss the appeal, which motion we have previously denied. Reliance by the Local Board is placed upon section 8 of the Administrative Review Act, which states:

> "Defendants. In any action to review any final decision of an administrative agency, the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceeding before the administrative agency shall be made defendants."

This section has been held to be mandatory and specific, admitting of no modification. (*Winston v. Zoning Board of Appeals* (1950), 407 Ill. 588, 595, 104 N.E.2d 780.) In *Lewis v. Trainor* (1977), 51 Ill. App. 3d 180, 366 N.E.2d 279, the court affirmed a dismissal of an administrative review action where the complainant had failed to name, as party defendant, the Illinois Civil Service Commission. In that case a hearing officer from the Civil Service Commission had rendered an administrative decision on charges brought by the Illinois Department of Public Aid, which was the only named defendant. The court held that the failure to name the Commission as a defendant was fatal to the complaint, since it was the administrative agency which had rendered the decision and since the requirements of section 8 of the Administrative Review Act are mandatory and *jurisdictional*. The *Winston* case was cited in support of the conclusion that section 8's requirements are jurisdictional. We disagree. In *Winston*, the court found the requirement to be both "mandatory and specific." It did not conclude that the requirement was jurisdictional, such that failure to join a party defendant in the original complaint necessitated dismissal of the complaint. In upholding the dismissal for failure to join necessary parties, the court in *Winston* specifically noted that the plaintiffs, when the objection was properly raised, did not move to amend nor did they seek to add other persons, which were later determined to be necessary parties. (407 Ill. 588, 590.) In the instant case, neither the Local Board nor the circuit court raised the issue or otherwise informed Massoud of the defect in his complaint. He was given no opportunity to cure the defect and the case was ended, by dismissal, on other grounds.

■■ In this regard, we agree with the opinion of the Second District in *Norris v. City of Aurora* (1978), 64 Ill. App. 3d 748, 381 N.E.2d 996, wherein the court concluded that the only jurisdictional requirements under the Administrative Review Act are that the complaint be filed and summons issued within the 35-day limitation period. (64 Ill. App. 3d 748, 751, and cases cited therein.) The jurisdictional requirements are specified in section 4 of the Act (Ill. Rev. Stat. 1979, ch. 110, par. 267). The requirements with respect to defendants is in section 8 (Ill. Rev. Stat. 1979, ch. 110, par. 271). Furthermore, section 26 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 26), which is applicable to administrative review actions by virtue of section 14 of the Administrative Review Act (Ill. Rev. Stat. 1979, ch. 110, par. 277), provides:

> "Nonjoinder and misjoinder of parties—change of parties. No action shall be dismissed for misjoinder of parties, or dismissed for nonjoinder of necessary parties without first affording reasonable opportunity to add them as parties. New parties may be added and parties misjoined may be dropped by order of the court, at any stage of the cause, before or after judgment, as the ends of justice may require and on terms which the court may fix." (See also Ill. Rev. Stat. 1979, ch. 110, par. 46(1).)

The supreme court's decision in *Winston* was consistent with this section, since the dismissal therein was ordered after objection for the lack of necessary parties had been made and after the aggrieved party had an opportunity to amend and add the parties, but did not do so. Similarly, the decision to affirm dismissal of a complaint for administrative review in *Cuny v. Annunzio* (1952), 411 Ill. 613, 104 N.E.2d 780, is consistent with section 26. In that case, which relied upon *Winston*, the circuit court had ruled on the merits of the review action, and a ruling by the supreme court could have adversely affected the interests of one of the necessary parties who had not been named a party defendant. Since the duty and responsibility to name all necessary parties as defendants was upon the plaintiffs and since their failure to do so in that case could have had an adverse effect upon a necessary party not represented, the ends of justice therein did not require that the plaintiffs be permitted opportunity to amend at that late stage of the proceedings. In most cases, the administrative agency making the decision will have to be named at an early stage of the proceedings, since it is the agency which must transmit the record of the proceedings to the circuit court for review.

■■ In the instant case, it was a hearing officer from the State Board of Education who rendered the final administrative decision over which review is sought by plaintiff Massoud. Both the officer and the State Board are necessary parties and are required to be named parties defendant under section 8 of the Administrative Review Act. They must

72

be joined. However, the plaintiff's suit should not be dismissed on that basis, at this time, and he should be given a reasonable opportunity to add them as parties defendant. To do so will not prejudice anyone's interests.

For the reasons stated, the decision of the circuit court of Will County is reversed and the cause remanded for further proceedings, with directions that the plaintiff be permitted to amend the complaint so as to name the hearing officer and the State Board as parties defendant.

Reversed and remanded with directions.

SCOTT, P. J., and HEIPLE, J., concur.