# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### West-Howard v. Department of Children & Family Services, 2013 IL App (4th) 120782

---

| | |
|---|---|
| Appellate Court Caption | JULIA WEST-HOWARD, Plaintiff-Appellant, v. THE DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Defendant-Appellee. |
| District & No. | Fourth District<br>Docket No. 4-12-0782 |
| Filed | August 29, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The Department of Children and Family Services' final administrative decision upholding its decision to remove plaintiff's grandchildren from her home was properly served on plaintiff when her attorney was mailed a certified copy of the decision, and the complaint plaintiff filed 45 days later seeking administrative review of the decision in the trial court was properly dismissed, notwithstanding the fact that plaintiff was never personally served with the decision, since the Illinois Administrative Procedure Act applied to the proceedings, the Act provided for service on plaintiff's attorney and required plaintiff to file her complaint seeking review within 35 days of service on her attorney, and in the absence of such a timely filing, the trial court lacked jurisdiction to review the decision. |
| Decision Under Review | Appeal from the Circuit Court of Champaign County, No. 12-MR-320; the Hon. Thomas J. Difanis, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Julia West-Howard, of Rantoul, appellant *pro se*.

Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro, Solicitor General, and Nadine J. Wichern, Assistant Attorney General, of counsel), for appellee.

Panel

JUSTICE HOLDER WHITE delivered the judgment of the court, with opinion.

Presiding Justice Steigmann and Justice Knecht concurred in the judgment and opinion.

## OPINION

¶ 1      In March 2012, the Director of the Department of Children and Family Services (DCFS) issued a final administrative decision, upholding DCFS's decision to remove the grandchildren of plaintiff, Julia West-Howard, from plaintiff's home. DCFS served plaintiff's attorney by certified mail with a copy of the decision on March 9, 2012, and 45 days later plaintiff filed a complaint for administrative review in the circuit court.

¶ 2      Following a July 2012 hearing, the circuit court granted DCFS's motion to dismiss plaintiff's complaint pursuant to sections 2-619(a)(1) and (a)(5) of the Code of Civil Procedure (Civil Code) (735 ILCS 5/2-619(a)(1), (a)(5) (West 2012)), based on plaintiff's failure to file the complaint within 35 days from the date DCFS served a copy of its final administrative decision. In August 2012, the circuit court denied plaintiff's motion to reconsider.

¶ 3      Plaintiff appeals, arguing the circuit court erred by dismissing her complaint.

¶ 4      We disagree and affirm.

¶ 5                I. BACKGROUND

¶ 6      On March 9, 2012, the Director issued a final administrative decision, upholding DCFS's decision to remove plaintiff's grandchildren from her home. DCFS served plaintiff's attorney by certified mail with a copy of the decision on March 9, 2012. On April 23, 2012, plaintiff filed a complaint for administrative review in the circuit court, seeking review of DCFS's decision and naming DCFS as the defendant.

¶ 7      In June 2012, DCFS filed a motion to dismiss plaintiff's complaint pursuant to sections 2-619(a)(1) and (a)(5) of the Civil Code (735 ILCS 5/2-619(a)(1), (a)(5) (West 2012)), alleging the circuit court lacked jurisdiction to consider plaintiff's complaint. Specifically, DCFS asserted under the Administrative Review Law, plaintiff was required to file her

complaint in the circuit court and issue summons to DCFS within 35 days from the date she was served a copy of the final administrative decision. 735 ILCS 5/3-103 (West 2012). Because plaintiff failed to do so, DCFS argued the circuit court lacked subject-matter jurisdiction. Plaintiff responded to the motion, asserting she was not sent, nor did she ever receive, notice of the Director's decision.

¶ 8    In July 2012, the circuit court held a hearing on DCFS's motion. Plaintiff renewed her argument that she was not sent notice of the Director's decision. The court explained to plaintiff that notice had been sent to her attorney, who still represented her at the time the Director issued his decision. Accordingly, the court dismissed plaintiff's complaint, reasoning it was deprived of jurisdiction based on plaintiff's failure to timely file her complaint.

¶ 9    Later that month, plaintiff filed a motion to reconsider, asserting her former attorney failed to inform her of the Director's decision and she never received notice about the decision from DCFS. In August 2012, DCFS filed a response, asserting plaintiff's motion failed to present (1) any newly discovered evidence, (2) a change in the law, or (3) any error in the circuit court's application of the law. Following a hearing later that month, the circuit court denied plaintiff's motion to reconsider, finding DCFS properly served the Director's decision on plaintiff's then-attorney, whose failure to inform plaintiff of the decision did not form a basis to excuse the Administrative Review Law's jurisdictional requirement.

¶ 10    This appeal followed.

¶ 11                              II. ANALYSIS

¶ 12    On appeal, plaintiff argues the circuit court erred by dismissing her complaint. In its appellee brief, DCFS asserts the circuit court properly dismissed plaintiff's complaint for lack of subject-matter jurisdiction. In her reply brief, plaintiff contends DCFS should have served notice of its decision on plaintiff rather than serving only plaintiff's attorney.

¶ 13                    A. The Relevant Statutory Provisions

¶ 14    Before addressing the facts of this case, we first outline the relevant statutory provisions.

¶ 15    The Children and Family Services Act (Services Act) expressly adopts the Illinois Administrative Procedure Act (Procedure Act). 20 ILCS 505/4 (West 2012). The Procedure Act provides that "[p]arties or their agents appointed to receive service of process" shall be notified personally or by registered or certified mail of any final decision or order adverse to a party. 5 ILCS 100/10-50(a) (West 2012). Upon request, a copy of the decision or order shall be delivered or mailed to the party and the party's attorney of record. 5 ILCS 100/10-50(a) (West 2012).

¶ 16    Any parent or guardian affected by a final administrative decision of DCFS may have the decision reviewed "only under and in accordance with the Administrative Review Law." 20 ILCS 505/9.9 (West 2012). Accordingly, the provisions of the Administrative Review Law "shall apply to and govern all proceedings" for judicial review of DCFS's administrative decisions. 20 ILCS 505/9.9 (West 2012).

¶ 17    The Administrative Review Law specifies that an action to review a final administrative decision is commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision. 735 ILCS 5/3-103 (West 2012). A decision is "deemed to have been served" when a copy of the decision is deposited in the United States mail with postage prepaid "to the party affected by the decision at his or her last known residence or place of business." 735 ILCS 5/3-103 (West 2012). "Unless review is sought of an administrative decision" within the time and manner provided in the Administrative Review Law, "the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of such administrative decision." 735 ILCS 5/3-102 (West 2012).

¶ 18    DCFS also sets forth regulations governing its service appeal process. Those regulations provide the "Director shall send the final administrative decision to those listed in Section 337.230 of this Part." 89 Ill. Adm. Code 337.220 (2002). Section 337.230 lists "[t]he appellant" as a party who receives a copy of the final administrative decision. 89 Ill. Adm. Code 337.230 (1995). An "appellant" is defined as "the person who requests a service appeal or on whose behalf a service appeal is requested." 89 Ill. Adm. Code 337.20 (2012).

¶ 19                            B. Whether the Circuit Court Had Jurisdiction
                                      to Consider Plaintiff's Appeal

¶ 20    Having reviewed the relevant statutory provisions, we now consider whether the circuit court possessed jurisdiction in this case.

¶ 21    Section 2-619(a)(1) of the Civil Code permits a circuit court to dismiss a complaint if the court lacks subject-matter jurisdiction. 735 ILCS 5/2-619(a)(1) (West 2010). In addition, section 2-619(a)(5) of the Civil Code allows the circuit court to dismiss a complaint if the action is "not commenced within the time limited by law." 735 ILCS 5/2-619(a)(5) (West 2010). We review *de novo* a circuit court's dismissal of a complaint under section 2-619 of the Civil Code. *Morris v. Williams*, 359 Ill. App. 3d 383, 386, 834 N.E.2d 622, 626 (2005).

¶ 22    Under the Illinois Constitution, final administrative decisions are appealable only "as provided by law." Ill. Const. 1970, art. VI, § 9; *Collinsville Community Unit School District No. 10 v. Regional Board of School Trustees*, 218 Ill. 2d 175, 181, 843 N.E.2d 273, 277 (2006). Thus, "a court is said to exercise 'special statutory jurisdiction' when it reviews an administration decision." *Id.* at 182, 843 N.E.2d at 277. If the statutorily prescribed procedures are not strictly followed, no jurisdiction is conferred. *Rodriguez v. Sheriff's Merit Comm'n*, 218 Ill. 2d 342, 350, 843 N.E.2d 379, 383 (2006). Indeed, the Administrative Review Law expressly provides that "[u]nless review is sought of an administrative decision within the time and in the manner herein provided, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of such administrative decision." 735 ILCS 5/3-102 (West 2012).

¶ 23    Based on the foregoing, the Illinois Supreme Court has concluded the Administrative Review Law's 35-day filing requirement is jurisdictional. *Fredman Brothers Furniture Co. v. Department of Revenue*, 109 Ill. 2d 202, 211, 486 N.E.2d 893, 896 (1985). Thus, if a "complaint is not timely filed, no jurisdiction is conferred on the circuit court and judicial

-4-

review of the administrative order is barred." *Collinsville Community Unit School District No. 10*, 218 Ill. 2d at 182, 843 N.E.2d at 278.

¶ 24 Plaintiff does not dispute the Director sent its final decision by certified mail to plaintiff's attorney on March 9, 2012. Plaintiff's jurisdictional argument, as we understand it, is that DCFS should have also served her with its decision. We disagree.

¶ 25 The Procedure Act requires DCFS to notify "[p]arties or their agents appointed to receive service of process" of final decisions or orders adverse to a party. 5 ILCS 100/10-50(a) (West 2012). Likewise, DCFS's regulations require the Director to send final administrative decisions to the appellant. 89 Ill. Adm. Code 337.230 (1995). "Appellant" is defined as "the person who requests a service appeal or on whose behalf a service appeal is requested." 89 Ill. Adm. Code 337.20 (2012). Under both the Procedure Act and DCFS's regulations, service on plaintiff's attorney was proper. As DCFS points out, the Procedure Act states an agency decision shall be served on *both* the party and his representative "[u]pon request" (5 ILCS 100/10-50(a) (West 2012)), but the record does not indicate plaintiff ever made such a request.

¶ 26 We find support for our conclusion in *Massoud v. Board of Education of Valley View Community District No. 365*, 97 Ill. App. 3d 65, 422 N.E.2d 236 (1981). There, the Third District noted the Procedure Act, which governed service of process, permitted notice to be sent "to the party or *to an agent appointed to receive service*." (Emphasis in original.) *Massoud*, 97 Ill. App. 3d at 69, 422 N.E.2d at 239. The court reasoned, "[c]ertainly, an attorney of record before an administrative agency is appointed to receive service for his client, barring an express statement to the contrary in his entry of appearance." *Massoud*, 97 Ill. App. 3d at 69, 422 N.E.2d at 239.

¶ 27 Here, DCFS properly served plaintiff on March 9, 2012, when DCFS sent the Director's final decision by certified mail to plaintiff's attorney. Plaintiff did not file her complaint until April 23, 2012–45 days after the decision was served. Accordingly, the circuit court lacked jurisdiction to consider plaintiff's complaint and properly dismissed it.

¶ 28 Because we conclude the circuit court lacked jurisdiction to consider plaintiff's complaint, we need not address plaintiff's arguments concerning the merits of the Director's decision. In addition, we decline to address the remaining contentions in plaintiff's reply brief, as she has waived these contentions by failing to include them in her opening brief. See Ill. S. Ct. R. 341(h)(7) (eff. July 1, 2008) ("Points not argued are waived and shall not be raised in the reply brief ***.").

¶ 29                                III. CONCLUSION

¶ 30 For the reasons stated, we affirm the circuit court's judgment.

¶ 31 Affirmed.