2022 IL App (2d) 200251-U
No. 2-20-0251
Order filed February 10, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| MEDICAL AUXILLARY NETWORK, | ) | Petition for Administrative Review of |
| | ) | an Order of the Illinois Human Rights |
| | ) | Commission. |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Charge No. 1029-CH-0704 |
| | ) | HUD No. 05-19-3318-8 |
| | ) | ALS No. 19-0197 |
| | ) | |
| ILLINOIS HUMAN RIGHTS COMMISSION, | ) | |
| ILLINOIS DEPARTMENT OF HUMAN | ) | |
| RIGHTS, PRAIRIE WINDS OF SAINT | ) | |
| CHARLES, LLC, PRAIRIE WINDS, LLC, | ) | |
| and PW APARTMENT MANAGEMENT, | ) | |
| LLC, | ) | |
| | ) | |
| Respondents. | ) | |

JUSTICE BRENNAN delivered the judgment of the court.
Justices Hutchinson and Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*: The Commission did not abuse its discretion in sustaining the Department's dismissal of petitioner's unperfected claim of housing discrimination. Affirmed.

¶ 2    On January 15, 2019, co-respondent, the Illinois Department of Human Rights (Department), dismissed a housing discrimination claim filed by petitioner, Medical Auxiliary

Network, Inc. (MAN), a minority female-owned business, against co-respondents, Prairie Winds of Saint Charles, LLC, Prairie Winds, LLC, and PW Apartment Management, LLC (collectively, Prairie Winds). The Department determined that MAN had failed to proceed with its claim pursuant to sections 2520.430(c) and 2520.560(b)(2) of the Illinois Administrative Code (Code), in that MAN did not respond to reasonable requests by the Department for MAN to perfect the charge by signing it. 56 Ill. Admin. Code 2520.430(c) (2007); 2520.560(b)(2), amended at 39 Ill. Reg. 5601 (eff. April 6, 2015). On April 22, 2019, MAN filed a request for review with co-respondent, the Illinois Human Rights Commission (Commission). On February 25, 2020, the Commission sustained the Department's dismissal. MAN now timely seeks direct administrative review of the Commission's decision. See 775 ILCS 5/8-111(B)(1) (West 2020) (complainant may obtain judicial review of a final order of the Commission by filing a petition for review in the Appellate Court within 35 days). MAN argues that the Commission's decision to sustain the dismissal was an abuse of discretion. We disagree. Affirmed.

¶ 3                                I. BACKGROUND

¶ 4                       A. MAN'S Housing Discrimination Charge

¶ 5     On October 30, 2018, MAN filed a housing discrimination charge against Prairie Winds pursuant to section 3-102(A) of the Human Rights Act (Act). 775 ILCS 5/3-102(A) (West 2018). MAN, through its owner, Vendetta N. CeCe-Jackowiak, alleged as follows. On September 10, 2018, MAN applied for a rental unit at 2600 Prairie Winds Drive in St. Charles, which was located in a predominately white neighborhood. MAN's application informed Prairie Winds that it intended to use the unit for commercial and residential use. The occupants would be CeCe-Jackowiak and her two sons. On September 18, 2018, Prairie Winds denied MAN's application. MAN inquired as to the reason for the denial, as it had the income necessary to rent the unit. Prairie

Winds refused to provide MAN with a reason for the denial.[1]  According to MAN, the reason was "based on the race of the intended occupants, who are race, black."  Further, MAN indicated that, as a result of the denial, it may be forced to relocate to Missouri.  MAN listed itself as the complainant, providing a P.O. Box in Chicago as an address.  MAN listed its attorney as the "complainant's representative," providing a name and address in Deerfield.  As MAN acknowledges, the claim was not perfected, because it was not signed under oath or affirmation.

¶ 6                                B. The Department's Dismissal

¶ 7     On January 15, 2019, the Department dismissed MAN's charge.  The notice of dismissal provided in its heading that it was "TO: Medical Auxiliary Network, Inc.; C/O [Attorney's name]; [Attorney's Deerfield address]."  The affidavit of service, however, stated only that the notice was addressed to MAN's attorney at his Deerfield address.

¶ 8     In its order of dismissal, the Department recounted the following facts which are not in dispute.  On November 13, 2018, within two weeks of receiving MAN's charge, the Department contacted MAN's attorney.  MAN's attorney confirmed that he was still representing MAN and hand-delivered an appearance that same day.  The Department then informed MAN's attorney that MAN (CeCe-Jackowiak) needed to sign the charge under oath or affirmation and schedule an interview.

---

[1] The charge alleged only that "[Prairie Winds] refused to provide [MAN] with a reason for the denial." Later, in its request for review with the Commission, MAN alleged that Prairie Winds refused to provide a reason for the denial *other than the refusal of corporate rentals*, and, prior to the receipt of the application, Prairie Winds had indicated to CeCe-Jackowiak that corporate rentals were acceptable.

¶ 9     On November 19, 2018, the Department served notice of the unperfected charge to MAN's attorney's address. On November 29, 2018, the Department spoke with MAN's attorney, reminding him that MAN needed to sign the charge and schedule an interview. MAN's attorney acknowledged having received a copy of the charge (which needed to be signed) but requested that the Department e-mail him *another* copy. The Department did so "immediately." MAN's attorney informed the Department that it would contact MAN about signing the charge.

¶ 10    On December 5 and 7, 2018, the Department attempted to contact MAN's attorney. He was not available, so the Department left two separate voicemail messages again reminding him that MAN needed to sign the charge. Also on December 7, 2018, the Department sent MAN's attorney a letter by both regular and certified mail, along with a copy of the unsigned charge, "requesting that [MAN's] attorney contact [the Department] or that [MAN] sign and return the charge no later than December 26, 2018." The Department advised that it would dismiss the charge if MAN's attorney did not "contact [the Department] or have [MAN] sign and return the charge" by December 26, 2018. On December 19, 2018, MAN's attorney's office signed for the letter sent by certified mail.

¶ 11    The Department concluded:

> "As of January 9, 2019, [MAN] has not returned a signed charge as requested nor has [MAN's] attorney contacted [the Department] as directed.
>
> Accordingly, [MAN's] charge is *** HEREBY DISMISSED for [MAN's] failure to adequately respond to reasonable requests by the Department."

The Department informed MAN and its attorney that it could seek a review by the Commission no later than April 22, 2019.

¶ 12                    C. MAN'S Request for Review with the Commission

¶ 13　　On April 22, 2019, MAN submitted a form request for review by the Commission, with portions of the form filled in with handwriting.　There is no indication on the form that it was completed by an attorney.　The form provided a blank for current address, and MAN provided a St. Louis address. The form further provided: "YOU <u>MUST</u> LIST AND DESCRIBE THE SPECIFIC REASONS THAT THE CHARGE SHOULD NOT HAVE BEEN DISMISSED.　If applicable, you may write on the back of this form or attach additional information or documents, which support your request for review."

¶ 14　　In answer, MAN wrote in total:

"1. The Complainant was transient during the end of November 2018 through December 2019 moving from an apartment in Chicago to St. Louis.

2. When the Complainant had moved back to St. Louis, her attorney was on vacation at the end of December 2018 though early January 2019 in Israel for the birth of his first granddaughter.

3. The Dismissal was due to the need for a signed complaint and the move to St. Louis and [the] unavailability of her attorney made it extremely difficult to obtain the needed signature.

4. By the time that my attorney returned and had reached the investigator in an attempt to move the case forward, the case was dismissed.

5. I have a case for racial discrimination in housing against respondent that warrants an investigation as the respondent indicated through requests for corporate information that corporate rentals were acceptable.　They then denied me because of the corporate rental."

MAN did not attach any additional information or documents.

¶ 15    On May 31, 2019, the Department responded.  It noted that MAN did not provide any documentation to support the assertions made in its request for review.  It did not provide documentation to show that it had moved from Chicago to St. Louis, that its attorney was in Israel, or that its attorney was unable to respond to the Department's calls, letters, or e-mails.  The Department also recounted the timeline as set forth in its initial dismissal and posited, *inter alia*, that "the Department gave [MAN] ample opportunity to contact the Department staff if it wanted to proceed with its charge, but it failed to do so."

¶ 16                    D. The Commission Sustains the Dismissal

 ¶ 17    On February 25, 2020, a three-member panel of the Commission unanimously voted to sustain the Department's dismissal.  It recounted the facts as set forth in the Department's initial dismissal, listing each of the Department's efforts to contact, instruct, and warn MAN's counsel.  Then, it summarized MAN's argument as follows: "[MAN] argues that [it] was transient, moving from Chicago to St. Louis during the end of November 2018 through December 2018, and that Counsel was on vacation from December 2018 through early January 2019."  It noted that "*[n]o evidence* was provided in [MAN's] [r]equest [for review] to support [its] assertions."  (Emphasis added.)  Citing to sections 2520.430(c) and 2520.560(b)(2) of the Code, it concluded:

> "The [Department's] procedural rules authorize the dismissal of a charge for failure to proceed if a complainant fails to cooperate with the [Department] and provide an up-to-date address and phone number.
>
> Accordingly, [MAN] has not presented any evidence to show that the [Department's] dismissal of the charge was not in accordance with the Act.
>
> THEREFORE, IT IS HEREBY ORDERED THAT: *** The dismissal of [MAN's] charge is SUSTAINED."

¶ 18    MAN timely sought direct administrative review with this court. 775 ILCS 5/8-111(B) (1) (West 2020).

¶ 19                                    II. ANALYSIS

¶ 20    On administrative review, MAN, now represented by the same attorney who acted on its behalf prior to the dismissal, argues that the Commission abused its discretion in sustaining the Department's dismissal of MAN's housing discrimination claim. We review the decision of the Commission, not the Department. *MIFAB, Inc. v. Illinois Human Rights Comm'n*, 2020 IL App (1st) 181098, ¶ 36. We review the decision of the Commission for an abuse of discretion. *Young v. Illinois Human Rights Comm'n*, 2012 Il App (1st) 112204, ¶ 32. The Commission abuses its discretion when its decision is arbitrary or capricious, in that it "contravenes legislative intent, fails to consider a critical aspect of the matter, or offer[s] an explanation so implausible that it cannot be regarded as the result of an exercise of the agency's expertise." *Id.* ¶ 33. Under the abuse-of-discretion standard, this court may not reweigh the evidence or substitute its judgment for that of the Commission. *Id.*

¶ 21    Any person engaging in a real estate transaction, including rentals, may not discriminate against a person based on his actual or perceived race. See 775 ILCS 5/1-103(Q); 3-102(A) (West 2018). A party who believes it has been discriminated against in such a manner may file a charge of discrimination with the Department. 775 ILCS 5/7A-102(A)(1) (West 2018). The charge must be made in writing and be signed by the complainant "under oath or affirmation." *Id.*; 56 Ill. Admin. Code 2520.330(e), amended at 29 Ill. Reg. 804 (eff. Dec. 28, 2004). The requirement that a complainant make his allegations under oath or affirmation minimizes frivolous filings. *Gonzalez v. Human Rights Comm'n*, 179 Ill. App. 3d 362, 370 (1989). As such, a charge that was not signed under oath or affirmation is considered "unperfected," and the Department is under no

obligation to investigate it. See *Muraoka v. Human Rights Comm'n*, 252 Ill. App. 3d 1039, 1045 (1993) (discussing *Gonzalez*). Rather, the Department may dismiss a charge if the complainant fails to perfect it by signing it under oath or affirmation, provided the Department has first notified the complainant in writing of the need to do so. 56 Ill. Admin. Code 2520.350 (2006).

¶ 22    Here, in sustaining the dismissal, the Commission relied on sections 2520.430(c) and 2520.560(b)(2) of the Code. Section 2520.430(c) provides:

> "c) A complainant must promptly provide the Department with a notice of any change in address or telephone number or of any prolonged absence from the current address so that he or she can be located. A complainant must cooperate with the Department, provide necessary information and be available for interviews and conferences upon reasonable notice or request by the Department. If a complainant cannot be located or does not respond to reasonable requests by the Department, the Department may dismiss the charge pursuant to Section 2520.560 of this Part." 56 Ill. Admin. Code 2520.430(c) (2007).

Section 2520.560(b)(2) provides:

> "b) The dismissal may be based upon:
>
> * * *
>
> 2) complainant's failure to proceed, as provided in Section 2520.430(c). The notice of dismissal in these cases will specify the manner in which the complainant has failed to proceed and will be addressed to the complainant at the last known address; [***]." 56 Ill. Admin. Code 2520.560(b)(2), amended at 39 Ill. Reg. 5601 (eff. April 6, 2015).

¶ 23    We determine that the Commission reasonably sustained the dismissal based on the Department's determination that MAN "fail[ed] to proceed, as provided in Section 2520.430(c)." As MAN does not dispute, the Department's request that MAN perfect the charge by signing it under oath or affirmation was not only reasonable but it was required by the Code.  See 56 Ill. Admin. Code 2520.330(e), amended at 29 Ill. Reg. 804 (eff. Dec. 28, 2004); 2520.350 (2006). Also, as MAN does not dispute, the Department expended considerable effort to encourage MAN's procedural compliance.  See *supra* ¶¶ 8-10.  The Department contacted or attempted to contact MAN's attorney six times over 2 ½ months before dismissing the charge.  This included four telephone calls, during two of which MAN's attorney spoke directly with the Department, confirmed that he represented MAN, gave no indication that he would have any difficulty in procuring MAN's signature, and did not request any extensions of time.  Also, the Department sent MAN's attorney an additional copy of the charge to be signed at least twice, once by e-mail such that it could be easily forwarded to MAN for signing.  Finally, the Department served formal notice on MAN's attorney of the need for signing—which he acknowledged receiving—and sent a letter, both by regular and certified mail.  Certainly, the efforts of the Department were reasonable, and, as shown, MAN did not cooperate or comply with the requests notwithstanding multiple notices and warnings before the dismissal of the charge.

¶ 24    MAN appears to concede that, *absent some explanation on its part*, it was not unreasonable for the Department to dismiss the charge after providing multiple notices and warnings.  It argues, however, that the explanation provided in its request for review was sufficient.  As MAN explained in its request for review before the Commission, MAN was transient during the end of November through December 2019, and its attorney was on vacation from the end of December though early January 2019.  As such, it was "extremely difficult" to obtain the needed signature.

¶ 25 In our view, the Commission reasonably rejected MAN's explanation. MAN's explanation is exceedingly general and brief. As the Commission noted, MAN provided *no evidence* in support of its general assertions. MAN's failure to be specific and to provide evidence is particularly striking because the form request for review specifically *requires* a movant to be specific and invites the movant to attach documentation in support of its request for review: "YOU <u>MUST</u> LIST AND DESCRIBE THE SPECIFIC REASONS THAT THE CHARGE SHOULD NOT HAVE BEEN DISMISSED. If applicable, you may write on the back of this form or attach additional information or documents, which support your request for review." (Emphasis in original.) MAN implies that its attorney was in Israel for approximately two weeks, but it does not provide the specific dates that he was allegedly unavailable. MAN did not attach an affidavit or any sort of statement by its attorney averring that he was in Israel on said dates or how this prevented him from reaching out to his client at some point during the 2 ½ months at issue. MAN did not attach any sort of evidence to show that it was unavailable to its attorney and/or the Department.

¶ 26 In addition to failing to provide evidence in support of a very general explanation, we observe that MAN's explanation itself is at odds with the Code. MAN argues that it could not respond to the Department's reasonable requests, because it, or its attorney, was in transit and/or traveling. However, the Code puts the onus of providing contact information on the complainant (or its representative) by requiring the complainant to *promptly* provide notice of *any* change or prolonged absence and by stating that a failure to locate a complainant *may alone be sufficient* ground to dismiss the charge: "If a complainant cannot be located *or* does not respond to reasonable requests by the Department, the Department may dismiss the charge[.]" (Emphasis added.) 56 Ill. Admin. Code 2520.430(c) (2007). Here, even if MAN's attorney was away on a prolonged

absence such that he could not respond to the Department, he was required to promptly notify the Department of the absence, just as MAN was required to promptly notify the Department of its change of address, which it did not do. For these reasons, and particularly where MAN provided no evidence in support of its assertions, we cannot say the that the Commission abused its discretion in sustaining the dismissal.

¶ 27    MAN's various arguments to the contrary are unavailing. We separate MAN's arguments into two classes, those that may be thought of as generally challenging the standard for dismissal and those that specifically address MAN's and the Department's compliance with the Code. The first class of arguments is, arguably, an expansion of MAN's argument before the Commission, *i.e.*, a complainant's behavior should be excused in certain instances to allow for the investigation of otherwise valid human and civil rights violations. The second class of arguments is, as we will explain, forfeited for MAN's failure to raise it before the Commission. See, *e.g.*, *Board of Education, Joliet Township High School District No. 204 v. Board of Education, Lincoln Way Community High School District No. 210*, 231 Ill. 2d 184, 205 (2008). Forfeiture aside, we address each of MAN's arguments in turn.

¶ 28    MAN, citing to *Denny's, Inc. v. Department of Human Rights*, 363 Ill. App. 3d 1, 8 (2005), argues that, in order to sustain the dismissal of the charge for failure to proceed, the evidence needs to support that MAN exhibited a "deliberate contumacious disregard for the Department's investigatory authority." However, the "deliberate and contumacious" standard set forth in *Denny's* is inapplicable. *Denny's* concerned the standard necessary to enter a default judgment against a party to a race discrimination claim *once the claim proceeded to the investigatory stage*, as set forth in section 7A-102(C)(4) of the Act (775 ILCS 5/7A-102(C)(4) (West 1998)) and section 2520.440(d)(4) of the Code (56 Ill. Admin. Code 2520.440(d)(4) (1996)). The instant case

does not concern a default judgment, an investigation, section 7A-102(C)(4) of the Act, or section 2520.440(d)(4) of the Code. Rather, it concerns a dismissal for failure to proceed *before* the case reached the investigatory stage. The standard necessary to dismiss a charge for failing to proceed at this early stage is set forth in section 2520.430(c) of the Code, which provides that a charge may be dismissed if the complainant fails to "cooperate with the Department," fails to adequately "respond to reasonable requests by the Department," or even if the complainant "cannot be located." 56 Ill. Admin. Code 2520.430(c) (2007). As such, the "deliberate and contumacious standard" has no bearing on our analysis.

¶ 29 MAN next argues that, even if the deliberate and contumacious standard does not apply, the Department should have construed section 2520.430(c) more liberally to effectuate the Act's remedial purpose of preventing unlawful discrimination. See, *e.g.*, *Muraoka*, 252 Ill. App. 3d at 1045. Specifically, MAN complains that the Department acted too hastily when it dismissed the charge just "two weeks" after it had relocated to St. Louis.

¶ 30 As to this argument, we first note that courts generally defer to an agency's interpretation and application of the rules it is charged with administering. See, *e.g.*, *id.* As such, it is largely for the Department to decide when, based on a complainant's actions, a complainant has failed to cooperate and comply with its reasonable requests pursuant to section 2520.430(c). Just as it may be prudent in some circumstances to give a complainant a second, third, or, as here, a sixth chance to comply with its requests so that the Act's remedial purpose may be effectuated, it may be prudent in other circumstances to dismiss a complainant's charge for lack of cooperation. Here, we note that the Commission may have reasonably considered MAN's failure to sign the charge at any time during the two-months preceding the two-week period to which MAN now points. MAN does not dispute that its attorney communicated with the Department on multiple occasions

during this period and that its attorney told the Department that he would procure his client's signature. MAN does not argue that it was improper for its attorney to communicate with the Department on its behalf. Nor does MAN point with specificity to any reason it could not have communicated with counsel in the two months leading up to its counsel's Israel trip.

¶ 31 We now turn to MAN's arguments addressing its and the Department's compliance with the Code. MAN argues that it complied with section 2520.430(c), which, again, provides that "[a] complainant must promptly provide the Department with a notice of any change in address *** so that he or she can be located," because it initially provided the Department with a Chicago P.O. Box and that address did not change. 56 Ill. Admin. Code 2520.430(c) (2007). First, we note that this argument is forfeited. See, *e.g.*, *Joliet Township*, 231 Ill. 2d at 205. Nowhere in MAN's five-paragraph request for review did it state that it maintained its Chicago P.O. Box and, therefore, it complied with section 2520.430(c) of the Code.

¶ 32 Forfeiture aside, this argument is logically flawed. An argument that MAN may have met *a* requirement of section 2520.430(c) in one way is not an argument that MAN met *all* the requirements of section 2520.430(c). As discussed, *supra* ¶ 26, the portion of section 2520.430(c) upon which MAN relies puts the onus on the complainant to keep the Department informed of its whereabouts so that it can be located. If the complainant cannot be located, the Department may dismiss the complaint. Here, where the Department properly communicated with MAN's attorney for months preceding the dismissal and where MAN has not alleged that MAN's attorney was unable to reach it, the dismissal was reasonable.

¶ 33 Finally, MAN argues that the *Department* did not comply with section 2520.560(b)(2), which requires that "[t]he notice of dismissal in these cases *** will be addressed to the complainant at the last known address." 56 Ill. Admin. Code 2520.560(b)(2), amended at 39 Ill.

Reg. 5601 (eff. April 6, 2015). The Department sent the notice of dismissal to MAN's attorney's Deerfield address, not MAN's Chicago P.O. Box address. Thus, MAN contends, the Department did not address the notice of dismissal "to [MAN] at the last known address." This argument, however, is forfeited because MAN did raise it before the Commission. See, *e.g.*, *Joliet Township*, 231 Ill. 2d at 205.

¶ 34    Forfeiture aside, we do not agree that the Department violated section 2520.560(b)(2). Section 2520.560(b)(2) requires that the Department address notice of the dismissal *to* the complainant at *the* last known address. The notice of dismissal provided in its heading that it was "TO: Medical Auxiliary Network, Inc.; C/O [Attorney's name]; [Attorney's address]." While the affidavit of service states only that it was addressed to the attorney at the attorney's address, MAN itself listed its attorney as its representative in its initial complaint. And, when the Department first contacted MAN's attorney at the inception of this case, MAN's attorney confirmed that he was representing MAN and never instructed the Department to communicate directly with MAN or send notices directly to MAN. Indeed, "an attorney of record before an administrative agency is appointed to receive service for his client, barring an express statement to the contrary in his entry of appearance." *Massoud v. Board of Education of Valley View Community District No. 365-U*, 97 Ill. App. 3d 65, 69 (1981) (where the provisions of the Code at issue required that "parties or their agents appointed to receive service" be notified at "the individual's last known address").

¶ 35    In sum, the Department's request that MAN sign the charge under oath or affirmation was required by Code. The Department contacted MAN's counsel at least six times over 2 ½ months before dismissing the charge in a reasonable effort to obtain MAN's oath or affirmation. MAN does not argue that its attorney was not authorized to communicate on its behalf, nor does it argue

that its attorney was unable to reach it.  MAN's explanation as to why it did not comply with the Department's requests was quite general and it did not attach any evidence in support of its explanation.  For these reasons, the Commission did not abuse its discretion in sustaining the Department's dismissal.

¶ 36                                    III. CONCLUSION

¶ 37    For the reasons stated, we affirm the decision of the Commission.

¶ 38    Affirmed.